## WILLIAMS v. POOL.　(No. 7068.)

Court of Civil Appeals of Texas.　Austin.
Feb. 9, 1927.

**1. Damages ⬅216(8, 9)—Charge that jury in personal injury case consider loss of time and other expenses, finding no predicate in pleading, held erroneous.**

In suit to recover for personal injury resulting from automobile collision, charge that jury, in assessing damages, consider "loss of time" and "other expenses," *held* erroneous; it finding no predicate in pleadings.

**2. Damages ⬅216(8)—Charge that jury in personal injury case consider loss of time and earning capacity, being unsupported by any proof, held erroneous.**

In suit to recover for personal injury resulting from automobile collision, charge that jury, in assessing damages, consider loss of time and earning capacity, not being supported by any proof, *held* erroneous.

**3. Damages ⬅216(2)—In personal injury case, instruction, unsupported by allegations or proof that jury might consider mental injury, held erroneous.**

In suit to recover for personal injury resulting from automobile collision, there being no allegation or proof of mental injury, an instruction that jury might consider plaintiff's mental injury was erroneous.

**4. Highways ⬅172(I)—Charge that automobile driver must use very high degree of care to constitute ordinary care held erroneous.**

Charge that it is duty of any one operating an automobile to use a very high degree of care to constitute ordinary care *held* erroneous; the test fixing liability being failure to exercise ordinary care as determined by jury.

**5. Trial ⬅215—In personal injury case, submitted on special issues, it was not error to refuse general charges.**

In suit to recover for personal injury resulting from automobile collision, case being submitted on special issues, it was not error to refuse general charges instructing jury to answer certain special issues "yes," if they found facts detailed in requested charges true.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by Walter Pool against T. M. Williams. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Collins, Jackson & Sedberry, and Jas. Cornell, all of San Angelo, for appellant.

BLAIR, J. [1, 2] Appellee sued appellant for damages resulting from a collision between his motorcycle and appellant's automobile, and recovered a judgment for $4,913.75. The jury was instructed to consider, in assessing damages, "loss of time, loss of earning capacity, and other expenses." The first and last items find no predicate in the pleadings, and the first and second are unsupported by any proof. A special list of expenses was pleaded, and other expenses not pleaded were proven, which accentuated the "other expenses" item submitted to the jury. The jury should not have been permitted to consider these elements of damage which found no predicate in the pleadings nor support in the proof; and the error must be held prejudicial, since there is no possible way to ascertain if the jury was not misled by the charge. Western Union Tel. Co. v. Bowen, 97 Tex. 623, 81 S. W. 27; I. & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; I. & G. N. Ry. Co. v. Branch (Tex. Civ. App.) 56 S. W. 542; Ry. Co. v. Acker, 44 Tex. Civ. App. 560, 99 S. W. 121; Ry. Co. v. Brown (Tex. Civ. App.) 205 S. W. 378; Ry. Co. v. Bird (Tex. Civ. App.) 48 S. W. 756; Ry. Co. v. Sawyer, 56 Tex. Civ. App. 195, 119 S. W. 107.

[3] The jury were also instructed that they might take into consideration plaintiff's "mental injury," if any, in assessing damages. This instruction should not have been given, because it was neither alleged nor proved that appellee suffered any mental injury in the collision.

[4] The term "ordinary care" was defined, and the following additional instruction given in that connection:

"And in operating an automobile you are charged that it would be the duty of any one operating the same to use a very high degree of care to constitute ordinary care."

Our courts have uniformly condemned this character of instruction to the jury as placing a greater or a more onerous burden upon defendant than the law requires. The failure to exercise ordinary care is the test which fixes liability, and the question of what degree of diligence would constitute ordinary care is usually one for the jury to determine. Dunlap v. Oak Cliff Pharmacy Co. (Tex. Civ. App.) 288 S. W. 236; G. C. & S. F. Ry. Co. v. Smith, 87 Tex. 348, 28 S. W. 520; G., H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; M., K. & T. Ry. Co. v. Luten (Tex. Com. App.) 228 S. W. 159.

[5] The issue of contributory negligence was submitted in general terms, with instructions that the test would be the failure to exercise ordinary care. In this connection, appellant requested what he designated "special charges"; all of which are but general charges instructing the jury to answer certain special issues "yes" if they found the facts detailed in the requested charges to be true. Since the case was submitted on special issues, it was not error to refuse these general charges. T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188. However, in view of another trial, if appellant should desire the various acts of con-

tributory negligence pleaded submitted, he should prepare special issues embodying these defenses, or request the court to prepare and submit issues which embody them. Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Freeman v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607.

Appellant pleaded that the collision was the result of an unavoidable accident, for which neither party was responsible, and requested the court to explain and submit to the jury the issue of unavoidable accident, which the court refused to do. We think the evidence sufficiently raised this issue to have required its submission to the jury. The case of Vesper v. Lavender (Tex. Civ. App.) 149 S. W. 377, lays down the rule with reference to the issue of accident, and on another trial of the case should be followed in the preparation of the issue to be submitted to the jury.

In view of another trial, we recommend that the court redraft all the special issues submitted on this trial, so as to submit only the ultimate facts establishing negligence as pleaded, or the defense thereto. As now prepared, many of the issues submitted merely require the jury to find the testimony upon which the ultimate fact of negligence or a defense thereto is established. The court should also carefully confine the instructions given the jury in connection with any special issue to the issue to which they relate.

For the reasons stated, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.