Silvano SOLANA, Appellant,

v.

Gus Henderson HILL et al., Appellees.

No. 3639.

Court of Civil Appeals of Texas.

Eastland.

June 30, 1961.

Rehearing Denied July 21, 1961.

482.

by Earl Weber and Edward Jordan. Rose Marie was a guest in the automobile driven by Earl Weber. Hill was driving north on Highway 77, between Driscoll and Robstown. Hill had his father-in-law, Gandy, and another in the car with him. He was driving less than sixty miles per hour. Hill was followed by Leonard Weber. Earl and Leonard Weber were taking Rose Marie and others to a basketball game in Corpus Christi. Earl was driving behind his brother. Edward Jordan was going south. As Jordan approached Hill's northbound car, Leonard Weber, who was driving behind Hill, turned left and went around Hill. Earl Weber, thinking Leonard was about to stop on the highway and fearing that he would hit him, turned to his left across the west side of the highway where he collided with Jordan, injuring Rose Marie Frankie.

Plaintiff alleged that the Weber brothers came upon Hill's automobile stopped in the east lane of said highway; that Leonard, without signaling to Earl, suddenly drove around Hill, barely avoiding a collision with Jordan, and that Earl then turned to his left and collided with Jordan in the west lane. Before the case was submitted to the jury, Earl Weber filed a motion for an instructed verdict on the ground that Rose Marie was a guest in his automobile and there was no evidence that he was guilty of gross negligence. Said motion was granted.

A jury found that (1) just before the collision Hill's car was not stopped on the highway; that (5) Hill failed to keep a proper lookout, which was (6) a proximate cause of the collision; that (7) immediately prior to the collision Hill did not rapidly decrease the speed of his automobile on the highway; that (11) Hill and Gandy were not engaged in a joint enterprise; (14) that Leonard Weber did not fail to keep a proper lookout; that (17) Leonard was not operating his automobile at an excessive rate of speed; that (19) Leonard did not pass Hill's car when his left side of the roadway "was not free of oncoming traffic for a sufficient distance to the north to per-

---

Butler, Williams & Stone, Robstown, for appellant.

Keys, Russell, Keys & Watson, Fischer, Wood, Burney & Nesbitt, Dudley B. Foy, Jr., Corpus Christi, for appellees.

GRISSOM, Chief Justice.

Silvano Solana, as next friend of Rose Marie Frankie, a minor, sued Gus Henderson Hill, Alston Clifford Gandy, Leonard Floyd Weber, Earl Weber and Edward Jordan for damages caused by injuries received in a collision of automobiles driven

mit" passing without interfering with the safe operation of Hill's car; that (21) Leonard did not fail to properly apply his brakes; that (23) the acts of Earl Weber were not the sole cause of the collision; that (24) Jordan did not fail to keep a proper lookout; that (26) Jordan was not negligent in applying his brakes; that (28) Jordan was acting in an emergency and (29) was not guilty of negligence. The jury found that $25,000 would compensate the minor for her injuries. In other words, the court acquitted Earl Weber and the jury found that all defendants, except Hill, were not negligent.

The court granted Hill's motion to disregard the answers to issues 5 and 6, in which it had found that Hill was guilty of negligence in failing to keep a lookout to the rear and that such failure was a proximate cause of the collision, because there was no evidence raising such issues and no evidence to support such findings for the reason that under the circumstances, as a matter of law, Hill owed said minor no duty to keep a lookout for the cars travelling behind him. Judgment was rendered for all defendants. Plaintiff appealed.

Appellant says that all the defendants, except Hill, won unchallenged jury findings entitling them to the judgment rendered. There is no complaint of the instructed verdict for Earl Weber based on the theory that Rose Marie was his guest and there was no evidence that he was guilty of gross negligence. Appellant contends the court erred in (1) failing to grant a new trial as to all defendants because of jury misconduct and (2) in failing to render judgment against Hill on the findings that he was guilty of negligence in failing to keep a lookout to the rear and that this was a proximate cause of the collision. Appellant's point one is, in effect, that the court erred in overruling his motion for a new trial as to all defendants because a juror, Mr. Ball, used a slide rule to prepare an exhibit in the jury room, which he showed to the jury, and announced that his calculations proved two defendants free of fault.

Appellant says jury misconduct was conclusively established and, therefore, the court erred in failing to grant a new trial as to all defendants. We have some doubt of our duty to consider point one because of its variance in some respects with the assignment on which it is based. However, we have concluded that, due to the liberality with which such rules are construed, we should treat the gist of the point as properly presented.

The case involved relative speeds, distances and time intervals in connection with the actions of Hill and Leonard Weber, whose cars were not in the collision, and Earl Weber, driver of the northbound car, and Jordan, the driver of the southbound car. As stated, the latter collided on the west side of the west lane, while Jordan was driving on the right hand side of his own lane. Appellees say that said juror, by using only the evidence introduced, attempted to reconstruct the collision in order to determine what testimony was credible; that this was his duty, and he did no more. We agree with this contention. There was evidence that a car travelling forty miles an hour moves nearly 59 feet per second and that one going 60 miles per hour moves about 88 feet per second. There was evidence that the maximum and minimum reaction times of automobile drivers are $1\frac{1}{2}$ and $1\frac{1}{4}$th seconds, respectively, and that the average is $\frac{3}{4}$ths of a second. The evidence shows that said juror applied a slide rule to the charts introduced and to such parole testimony in order to place the cars where they were, according to the record, at the time of impact, and that he then moved them back second by second, and checked the result of his mathematical calculations with the testimony as to location, speed and other relevant matters. There was no testimony that any facts or figures were used in his calculations other than those in evidence, or that the slide rule was used for anything but multiplication and division. There was testimony to the effect that other jurors obtained the same results by making the same calculations with pencil and paper.

There was testimony that Ball stated to some jurors that his calculations showed that the testimony of the Webers, Jordan and the policemen were approximately correct. Four jurors testified on the motion for a new trial. All testified that Ball used only the evidence introduced. We are forced to the conclusion that said juror only analyzed the evidence, reconstructed the collision therefrom and expressed an opinion as to the credibility of the witnesses. He had a right to do so. Appellant, of course, had the burden of establishing by a preponderance of the evidence, first, that jury misconduct occurred and, second, that he was probably injured thereby. Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989, 992. After careful consideration, we have concluded that appellant established neither. See Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028; Cohen Lumber & Building Company v. Panos, Tex.Civ.App., 154 S.W. 2d 206, 208 (Writ Ref.); Kendall v. Southwestern Pub. Serv. Co., Tex.Civ.App., 336 S.W.2d 770; Thompson v. Goode, Tex.Civ. App., 221 S.W.2d 569, (Ref. N.R.E.); Maryland Cas. Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Levlon v. Dallas Ry. & Terminal Co., Tex.Civ.App., 117 S.W.2d 876, 878 (Writ Ref.) and Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W. 2d 359, 366.

Appellant says the court erred in disregarding the answers to issues five and six and in rendering judgment for Hill. As shown, the jury found that Hill did not stop on the highway and that he did not rapidly decrease his speed on the highway, as plaintiff alleged. The only finding of negligence was that Hill failed to keep a proper lookout to the rear. The jury also found that such failure was a proximate cause of the collision of the cars behind Hill, driven by Earl Weber and Jordan. The court disregarded said findings upon the theory that, under the circumstances shown, as a matter of law, Hill had no duty to keep a lookout for cars travelling behind him. We think this was correct. Just before the collision, Hill was driving north on Highway 77, followed by Leonard Weber. Leonard was followed by Earl Weber. Jordan was driving south. Just before Hill, going north, met Jordan, going south, Leonard Weber swerved to the west, went around Hill and proceeded north. As Leonard went around Hill, Earl, apparently startled by the action of his brother and, as he testified, thinking that Leonard was about to stop on the highway and being afraid he would strike him, swerved to his left into Jordan's path. Earl's car was about half off the west side of the highway in Jordan's lane when the cars collided. There was no evidence that Hill ever saw, or had occasion to notice, the cars behind him. He was in his own lane on his right hand side proceeding down the highway at about 30 to 40 miles per hour. Earl Weber did not pass, nor attempt to pass, Hill. He collided with Jordan's car some distance behind Hill. Hill's attention to a car behind him was first attracted by "squealing" of the tires on Leonard Weber's car. The "squealing" was apparently caused by the fact that Jordan was closely approaching Hill when Leonard started around Hill. When this happened Hill got off the highway as quickly as possible and, after he got off the pavement onto the shoulder, slowed his car. Earl Weber testified that he was following Leonard and that he could not see Hill's car until Leonard started around Hill; that before Leonard pulled out to pass Hill he had never seen Hill's car; that he then locked the brakes on his car, because he was gaining on Leonard too fast and thought Leonard was going to stop. Appellant is contending, in effect, that because Hill was driving 30 to 40 miles per hour, instead of at the maximum speed permitted by law, he owed appellant the duty to keep a lookout to the rear. Hill, of course, had no duty to drive at the maximum rate. Hill had the right to drive in his right hand lane at the speed he was travelling and to assume that cars approaching from the rear would obey the law and use proper care to avoid injuring themselves. Prior to the time that Leonard drove around Hill, Hill ap-

parently could not have seen Earl Weber's car. He had no reason to anticipate that after Jordan got close to Hill, Leonard Weber would go around him and thereby excite Earl and cause him to run into Jordan, or any similar happening. There is nothing to show that Hill's attention was, or should have been, attracted to those travelling behind him, nor is any fact shown which imposed upon Hill a duty to maintain a lookout to the rear. Hill did not attempt to stop, or slow down, while on the pavement. In the absence of evidence of some fact that should have attracted Hill's attention to a situation that required a lookout to the rear, he had no duty to keep one. There was nothing in the nature of the situation shown that required Hill to watch cars to his rear. The fact that Hill was driving at less than the maximum speed permitted by law did not create a duty to keep a lookout to the rear. Since there was no duty, there was no negligence in failing to keep a lookout to the rear. Furthermore, we think Hill's failure to keep such a lookout was, clearly, not a proximate cause of the collision of Earl Weber's and Jordan's cars. Le Sage v. Smith, Tex.Civ.App., 145 S.W. 2d 308, 312, (Writ Dis., C. J.); Freeman v. Harkrider, Tex.Civ.App., 320 S.W.2d 238; Valley Film Service v. Cruz, Tex.Civ.App., 173 S.W.2d 952, (Ref. W.M.), and Mueller v. Bobbitt, Tex.Civ.App., 41 S.W.2d 466.

Appellant contends the judgment should be reversed because one of the jurors, Mr. Guckian, informed his fellow jurors of the minimum salary paid office workers where he was employed. Assuming this was misconduct which under other circumstances might constitute reversible error, it could not have injured appellant. It was pertinent only to the amount of plaintiff's damages. The jury found none of the defendants, except Hill, guilty of negligence. The trial court held, and we agree therewith, that, under the circumstances shown, Hill was not negligent. There is no complaint of the court's action in sustaining Earl Weber's motion for a directed verdict. Therefore, since there was no liability, any error that could affect only the amount of appellant's damages is immaterial. Western Textile Products Co. v. Sidran, 153 Tex. 21, 262 S.W.2d 942; McCasland v. Henwood, Tex.Civ.App., 213 S.W.2d 555, (Ref. N.R.E.); McGee v. Cunningham, Tex.Civ.App., 17 S.W.2d 494, 496, and Jones v. St. John, Tex.Civ.App., 178 S.W.2d 181. The judgment is affirmed.