**MOORE VAN & STORAGE, INC., Appellant,**

v.

**YELLOW MFG. ACCEPTANCE CORPORATION, Appellee.**

No. 16103.

Court of Civil Appeals of Texas.

Dallas.

Feb. 1, 1963.

**230**

on the Chevrolet Tractor and then cancelled said insurance after a collision loss which destroyed the property. In the alternative, defendant alleged that the acts of the plaintiff in procuring and then cancelling the insurance coverage after loss constituted a fraud with resulting damages. Trial was had to the court, without a jury, and after hearing evidence the court rendered judgment in favor of plaintiff, denying defendant all relief on its cross action. No request was made for findings of fact and conclusions of law and none were filed.

By three points on appeal appellant complains of the action of the trial court in (1) failing to find that plaintiff had exercised its right as mortgagee under the terms of the conditional sales contract by providing insurance and then cancelling same after the loss; (2) in holding as a matter of law that plaintiff had the right to cancel the insurance coverage on the tractor after the same had become a total loss by collision; and (3) failing to find for defendant on the issue of fraud.

The following rule of law pronounced by our Supreme Court in Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 governs our decision as to whether the trial court correctly rendered judgment for plaintiff:

"No findings of facts or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex. Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Dexter W. Scurlock, Fort Worth, for appellant.

Biggers, Baker, Lloyd & Carver, Spencer Carver, Dallas, for appellee.

WILLIAMS, Justice.

Yellow Manufacturing Acceptance Corporation brought this suit against Moore Van & Storage, Inc., seeking to recover balance due on a conditional sales contract and note given to secure the purchase price of a Chevrolet Tractor. Defendant Corporation answered, admitting plaintiff's cause of action, but seeking to offset same by cross action which contained alternative counts. Defendant alleged that plaintiff, pursuant to an option in the conditional sales contract, procured collision insurance

The record is undisputed that on May 4, 1960 appellant purchased a used Chevrolet Tractor from Kliff GMC Truck Co., of Fort Worth, Texas and at the same time executed a written conditional sales contract and note securing the purchase price of the vehicle. Said contract and note were assigned to appellee. The conditional sales agreement contained the following provision concerning insurance:

"It is the Purchaser's obligation at all times during the life of this contract to keep the Property described herein insured against loss or damage by fire, theft or collision. Such insurance shall be written by an insurance company or companies and in an amount satisfactory to the Seller and shall name as beneficiaries or assureds, Purchaser, Seller or their successors or assigns, as their interests may appear. Upon failure of the Purchaser at any time during the life of this contract to maintain such insurance, Seller may, at Seller's option, declare this contract in default or procure such insurance. In the latter event, Purchaser agrees to immediately pay the premium therefor upon receipt of notice of the procurement of such insurance as an additional part of this obligation."

By its signed statement dated May 4, 1960, appellant asserted that it did not desire the seller to arrange for the insurance and that same would be secured from Carriers and General Insurance Company of Fort Worth, Texas, by appellant. On May 16, 1960 appellee wrote appellant requesting that it be furnished with evidence that insurance had been secured. On June 1, 1960 appellee again wrote appellant calling attention to the fact that no insurance coverage had been furnished and requesting that such be done immediately. On June 15, 1960 appellee wrote to Carriers and General Insurance Company requesting a copy of the insurance coverage that was supposed to have been written by that company. On July 17, 1960 appellant wrote appellee enclosing check for first payment on the note but completely ignoring all prior requests for insurance coverage. On July 8, 1960 appellee forwarded a request in writing to its main office in Detroit, Michigan asking that proper insurance be ordered covering the property in question. On July 8, 1960 appellee wrote appellant directing attention to the fact that appellant had failed and refused to provide evidence of insurance coverage and stated: "Since, of this date, we have not received the required evidence of insurance, we have *ordered insurance* on this equipment and you will receive evidence of the insurance within the next few days. The premium for this insurance is $159.00 and is due and payable with the next installment of your account." (Emphasis supplied.) On July 12, 1960 appellant wrote appellee, said letter reading, in part, as follows:

"I received your letter today stating that you had added insurance coverage on the tractor that is financed through YMAC. We carry a fleet policy on all of our equipment which amount to over 27 units. Insurance in the amount of $1,000,000.00 liability and also fire and thief. At no time do we carry a deductable policy expecially on used equipment.

"We cannot accept the additional charge of $159.00 from your so called insurance company on 1957 Chev. purchased from Kliff GMC in Ft. Worth.

"We can do one of two things concerning this matter. One is that we can let YMAC hold a clear title to one piece of equipment to insure that in case of an accident that you will be paid, or we will have to finance thru another means. If this does not meet with your approval you can have the truck back immediately. * * *"

Following receipt of this letter and on July 20, 1960 appellee forwarded a cancellation notice to its insurance department in Detroit, Michigan requesting prior

order to be cancelled because: "Ordered in error—account to be self insured". By date of August 1, 1960 appellee wrote appellant acknowledging receipt of appellant's letter of July 12, 1960 saying, in part:

"* * * In view of this fact, we have reviewed your file and find that your desire to be self-insuring as far as collision is concerned is satisfactory with us. * * *" Also: "* * * We are unable to reconcile your remarks regarding YMAC's strict policy on insurance coverage. In reviewing the Customer's Statement which you completed, you indicate that Carriers & General Insurance Company would provide the physical damage coverage. In no way were we advised that you were self-insuring as to collision. In view of the lack of insurance coverage, we had no choice but to proceed in accordance with provisions in our contract and place coverage to protect our interest.

"We wish to advise that we have cancelled the coverage which has been ordered and there was no additional charge to your account. * * *"

The testimony is undisputed that the property in question was completely destroyed by collision on July 30, 1960. There is no evidence that appellee had knowledge of the loss on July 30, 1960 at the time the letter dated August 1, 1960 was addressed to appellant.

■ In reviewing this testimony in its entirety in a light most favorable to the judgment rendered by the trial court, we are impelled to the conclusion that the trial judge was amply justified in his findings implied in the judgment rendered. The trial court was supported by abundant testimony in impliedly finding that appellee acted in good faith when it relied upon the expressed desires of appellant made in writing that no insurance coverage was desired, none would be accepted, and none would be paid for. The record supports appellee's interpretation of appellant's course of conduct to the effect that it desired to be self-insuring insofar as collision loss on the vehicle was concerned. Appellant made this clear in writing by stating that it carried all other kinds of insurance, in large limits, but did not insure used vehicles of this kind against collision loss. The record is entirely devoid of any evidence that appellant knew, or reasonably could have known, of the loss on July 30, 1960, when it wrote the letter of August 1, 1960, advising that the insurance coverage, previously ordered, had been cancelled. With all of these facts before it, the trial judge was justified in finding that there was no fraud perpetrated against appellant by appellee and that appellee did not cancel the insurance with knowledge of the loss.

Finding, as we do, ample evidence to support the judgment of the trial court we find no merit in appellant's points and the same are therefore overruled. The judgment of the trial court is affirmed.

Affirmed.