**Milton DENTON, Appellant,**

**v.**

**YELLOW CAB COMPANY, Inc., et al.,**
**Appellees.**

**No. 14702.**

Court of Civil Appeals of Texas.

Houston.

March 17, 1966.

Rehearing Denied April 7, 1966.

James B. Turner, Jerome Pope, Houston, for appellant.

Banister, Boswell & O'Toole, John R. Banister, III, Houston, for appellee.

COLEMAN, Justice.

This case resulted from an automobile collision which happened on the Gulf Freeway in Houston, Texas. Judgment was

entered for the defendant on a jury verdict finding the plaintiff guilty of contributory negligence in failing to keep a proper lookout.

■ Appellant's only point of error is a "no evidence" point, i.e., that the trial court erred in *submitting* the issues concerning appellant's lookout to the jury. McDonald v. New York Central Mutual Fire Insurance Company, Tex.Sup., 380 S.W.2d 545. Only that evidence tending to establish a duty to keep a lookout on the part of appellant, and a failure on his part to keep such a lookout as should have been kept under the circumstances, can be considered by this Court. Moore Van & Storage, Inc., v. Yellow Manufacturing Acceptance Corporation, Tex.Civ.App., 365 S.W.2d 229; Sartain v. Southern National Life Insurance Company, Tex.Civ.App., 364 S.W.2d 245, ref., n.r.e.

The Gulf Freeway at the point of this accident is a six-lane divided highway with overpasses at intersecting streets. The minimum speed limit is forty miles per hour and the maximum fifty miles per hour. Appellee was driving her taxi in the middle lane of the Freeway toward Houston. Appellant was driving a small Renault sedan in the outside lane. As these vehicles neared the top of the overpass, a Plymouth car traveling in the inside lane some twenty to twenty-five feet ahead of the Renault veered into the middle lane. The taxi driver glanced to the right and saw no car in the outside lane. She immediately hit her brakes and simultaneously pulled to the right. Each lane is twelve feet in width. When the taxi had crossed into the outside lane of traffic about two feet, it hit the Renault on the left door about the middle of the car, causing it to overturn. The taxi stopped some five or six feet from the point of impact. Both cars had been traveling 45 to 50 miles per hour. The traffic was moderate to heavy.

Appellant testified that he saw the Plymouth as it veered into the middle lane when he was twenty to twenty-five feet behind. Two other cars were in the center lane, but they apparently drove on because he did not see them after the collision. He could not describe them. When he saw the Plymouth "stop or something", he "went right straight on" because the traffic was moving and was pretty busy "and that's when it happened." He testified he did not see the taxi until "just as it hit me."

■ This brief résumé of the testimony supports the jury's findings on the issues in question. Appellant contends that he was under no duty to keep a lookout to the rear. Appellee's testimony that she was "a car length or two" behind the Plymouth when it blocked her lane of traffic is consistent with that of appellant that he was 20 to 25 feet behind the Plymouth when he noticed its erratic movement. Neither this testimony, nor the fact that the right front fender of the taxi struck the Renault at about the driver's door on the left side, establishes that the taxi was traveling to the rear of the Renault immediately prior to the accident. The fact that the driver of the taxi made an emergency application of the brakes while traveling some 50 miles per hour at the time she turned to the right, and stopped six feet from the point of impact, suggests, if, indeed, it does not establish, that she was in front of the Renault immediately prior to the application of the brakes.

■ Under the circumstances established by the evidence in this case, appellant had the duty to keep a proper lookout for vehicles to the front and left side of his vehicle. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273.

The judgment of the trial court is affirmed.