L. A. BOURBON and wife, Marjorie Nell Bourbon, Appellants,

v.

Bill GLOVER, d/b/a Glover Lumber Company and Eligah Johnson, Appellees.

No. 6970.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 5, 1968.

Rehearing Denied Sept. 18, 1968.

Addington & McGraw, Jasper, for appellants.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Trial was by jury and judgment was granted to defendants upon the verdict. Plaintiffs sued Bill Glover, doing business as Glover Lumber Company, and Eligah Johnson, the driver of the truck. These defendants will be referred to herein as Defendant Glover and Defendant Johnson.

The jury found: The Defendant Johnson was acting within the course and scope of his employment with Defendant Glover at the time of the collision. That Defendant Johnson was negligent in (1) driving the motor vehicle with defective brakes, (2) failing to keep a proper lookout, (3) failing to have a horn on the truck, and (4) following the Bourbon vehicle too close, and that each of such acts of negligence was a proximate cause of the occurrence in question. The jury did not find

Defendant Johnson negligent in failing to turn his vehicle to the right immediately before this occurrence, and did not find that he drove his vehicle at a greater rate of speed than a person of ordinary prudence in the exercise of ordinary care would have driven under the same or similar circumstances.

The jury also found that Plaintiff L. A. Bourbon (driver) failed to keep a proper lookout for vehicles approaching from the rear, which was a proximate cause of the collision in question. The jury did not find that Plaintiff L. A. Bourbon (1) was stopped in the main traveled portion of the roadway and (2) suddenly decreased the speed of the automobile he was driving. The jury did not find that Defendant Johnson was faced with a situation of sudden emergency, and found that the occurrence in question was not the result of an unavoidable accident.

All of plaintiffs' points of error contend there was no evidence and insufficient evidence to support the findings by the jury that plaintiff was negligent in failing to keep a proper lookout for vehicles approaching from the rear, and that such negligence was a proximate cause of the collision in question. It is also contended that plaintiff had no legal duty to keep a proper lookout to the rear under the facts and evidence in this case.

■ In passing upon the "no-evidence" points, we consider only the evidence and the reasonable inference therefrom which support the answers. C. & R. Transport, Inc. v. Campbell (Tex.1966) 406 S.W.2d 191. All of the evidence shows: This collision occurred the night of August 7, 1966 at between 8:00 and 8:15 p. m. on Highway 96 about one mile north of Jasper. The speed limit was 60 miles per hour. The highway is about 20 feet wide with no improved shoulder, and has two traffic lanes. Plaintiffs were driving in a southerly direction in their automobile, and defendant Eligah Johnson was driving a loaded lumber truck in the same direction behind plaintiffs. Plaintiff admitted he had two rear view mirrors, but did not see the truck until it was within just a few feet of his car.

Defendant Eligah Johnson gave the following testimony:

A. I was coming up a hill and he was going down the hill. So after I topped that hill, I seed him, I recognized him. He was going real slow. I intended to pass him, two cars was coming and I was blinking my lights for him to speed up—and he just jumped on his brakes and then I hit him.

Q. How do you know he jumped on his brakes?

A. I saw the lights coming on.

Q. How far were you behind the car when the brake lights came on?

A. I was fixing to pass him.

\* \* \* \* \* \*

Q. At what speed were you going when the brake lights came on on that car?

A. When the brake light come on I was running about thirty miles an hour when they come on.

\* \* \* \* \* \*

Q. Did your brakes ever slow your truck down any between the time you put them on and the time you hit this car?

A. Yes, sir, just about stopped and he just stopped in the road. If he had went on, I wouldn't have ever hit him.

\* \* \* \* \* \*

Q. When your truck came in contact with Mr. Bourbon's car, was it moving or stopped? Mr. Bourbon's car?

A. It was stopped.

\* \* \* \* \* \*

Q. About how far behind the car were you when you first started blinking your lights?

A. About five car lengths.

\* \* \* \* \* \*

A. When I hit him he had done stopped. When I hit him my brother-in-law said, "He stopped back there," so I pulled out of the road and stopped too.

Q. In other words, you are saying Mr. Bourbon's car was stopped dead still when you hit him?

A. Stopped dead still. Just about stopped.

From this testimony, the jury could have inferred that for some reason plaintiff was bringing his car to a stop, and had just about stopped when the collision occurred, and that plaintiff had not looked to see if a car was approaching from the rear, and that a reasonably prudent person would not have been bringing his car to a stop on the traveled portion of the highway under the circumstances of this case, and further that plaintiff could have seen the truck approaching from the rear and avoided the collision by not bringing his car to a stop. The "no-evidence" points are overruled.

■ In passing upon the "insufficiency of the evidence" points, we consider the entire record. Plaintiff testified, with no uncertainty, that he was driving down the highway at a speed between 50 and 55 miles per hour and that he did not stop, and did not reduce the speed of his automobile. His wife's testimony corroborated this evidence in every respect. Plaintiff had more than a mile to go before reaching his home and no reason is given why he would stop or reduce his speed at that point. The defendant, Eligah Johnson also gave the following testimony:

Q. As a matter of fact, Eligah, your intention that evening was to pass Mr. Bourbon, wasn't it?

A. Yes, sir.

Q. You got too close on him and you couldn't pass him?

A. Two cars coming and I couldn't pass him.

\* \* \* \* \* \*

Q. How far were you behind the car when the brake lights came on?

A. I was fixing to pass him.

This defendant also admitted he had no horn, that the brakes on his trailer were defective and that he pled guilty of the offense of driving too close and paid his fine. We conclude the findings of the jury that plaintiff did not keep a proper lookout to the rear which proximately caused the collision in question, considered in the light of the burden on the part of defendant to prove that a circumstance existed under which plaintiff had a duty to keep such lookout, are clearly wrong and manifestly unjust.

As to the question of "duty" on the part of plaintiff to keep a proper lookout to the rear, we are obliged to follow the law set forth by the Supreme Court in the Campbell case, supra.

■ The general rule in Texas is that the lead driver is under no duty to keep a lookout for traffic which approaches from the rear. Solana v. Hill, Tex.Civ.App., 348 S.W.2d 481. The exception to that rule is that a duty to look to the rear arises when the lead driver does something such as changing his lane or direction, stopping or suddenly decelerating. Berry v. Sunshine Laundries & Dry Cleaning Corp., Tex.Civ. App., 387 S.W.2d 948.

■ Defendants contend the plaintiff had a duty in this case because (a) plaintiff had stopped his automobile in the main traveled portion of the roadway (b) that plaintiff had suddenly decreased the speed of his automobile, (c) defendant blinked his lights, and (d) plaintiff was operating his automobile at such a slow rate of speed as to impede the normal flow of traffic. Even though this jury failed to find that

plaintiff had stopped his automobile, and failed to find that plaintiff had suddenly decreased the speed of his automobile, under the Campbell case, supra, we may not take into consideration these negative answers. We must consider only the evidence which is set forth under the "no-evidence" points of error, in determining whether plaintiff was under a duty to keep a lookout. Also, as mentioned in the Campbell case, supra, there are no points of error that we have conflicting findings. Solely because of the Campbell case, supra, this point is overruled.

Reversed and remanded.