Beulah **WYATT** et al., Appellants,

v.

**SEARS, ROEBUCK & COMPANY** et al.,
Appellees.

No. 7354.

Court of Civil Appeals of Texas,
Beaumont.

April 13, 1972.

Motion for Rehearing Overruled
May 11, 1972.

Goodwin & Matheny, Alfred S. Gerson, Beaumont, for appellants.

Gordon R. Pate, Beaumont, for appellees.

STEPHENSON, Justice.

This is a damage suit for personal injuries arising out of a rear-end collision. Trial was by jury and judgment was rendered for defendant upon the verdict. The parties will be referred to here as they were in the trial court or by name.

Plaintiffs are Beulah Wyatt, the driver of the lead car, and Fay Corley, her passenger. Defendants are Leland George Frantz, the truck driver, and Sears, Roebuck & Company, his employer. This collision occurred about the 5900 block of the Eastex Freeway in the City of Beaumont at about 11:30 a. m. on a clear day. It was a four lane divided highway and there was highway construction in the area. Both the Wyatt automobile and the Sears truck were proceeding in a northerly direction in the inside or left lane. The Wyatt automobile either stopped or slowed down to five or ten miles per hour and was hit from the rear by the Sears truck.

The jury found the following: The truck driver failed to maintain an assured clear distance between the two vehicles; that he was following too closely; that he failed to keep a proper lookout; and that each of such actions was a proximate cause of the collision. The jury also found that Beulah Wyatt failed to keep a proper lookout and that such failure was a proximate cause of this collision.

All of plaintiffs' points of error in effect contend that there was no evidence and insufficient evidence to support the findings by the jury that Beulah Wyatt failed to keep a proper lookout and that such failure was a proximate cause of the collision and also that such findings were contrary to the great weight and preponderance of the evidence. In passing upon the "no-evidence" points, we consider only the favor-

able evidence to such findings. In passing upon the remaining point, we consider the entire record.

Defendants' answer contained the allegation that Beulah Wyatt was negligent in failing to keep a proper lookout and the issue was so submitted to the jury. It is apparent from the briefs and the record as a whole that it is the failure to look to the rear which is the specific complaint. This court had occasion to write on this subject in both Bourbon v. Glover, 431 S.W.2d 650, 652 (Tex.Civ.App., Beaumont, 1968, no writ) and T. E. Mercer Trucking Company v. Swor, 470 S.W.2d 65 (Tex.Civ. App., Beaumont, 1971, error ref. n. r. e.), in which we stated this proposition of law:

> "The general rule in Texas is that the lead driver is under no duty to keep a lookout for traffic which approaches from the rear. Solana v. Hill, Tex.Civ. App., 348 S.W.2d 481. The exception to that rule is that a duty to look to the rear arises when the lead driver does something such as changing his lane or direction, stopping or suddenly decelerating. Berry v. Sunshine Laundries & Dry Cleaning Corp., Tex.Civ.App., 387 S.W.2d 948."

The "no evidence" points are overruled. Leland Frantz testified: That as he proceeded to travel down the inside lane of the freeway there was one car ahead of him (the Wyatt car) and five or six vehicles in the outside lane. That he stayed back of the Wyatt car about three truck lengths (150 feet). That the traffic in the outside lane came to a stop and one of the cars started to pull into his lane but stopped when the driver saw he could not make it. That as Frantz passed that car, he looked into his mirror to be sure he cleared that car. That when he looked ahead again, the Wyatt car had come to a stop and was about two truck lengths ahead. That he did not see a dump truck pulling out onto the freeway from the right side. It is admitted that this collision did not occur at an intersection and that

there was no flagman at the site. Beulah Wyatt testified that she did not look into her rear view mirror and she did not see the Sears truck.

Tested by the rules of law set out above, all of this evidence supports the findings by the jury that inasmuch as Beulah Wyatt was either stopping or suddenly decelerating, she was under a duty to look to the rear and that her failure to do so was a proximate cause of this collision.

Considering only the evidence favorable to the jury findings, the case before us can be distinguished from the cases cited by plaintiffs in their briefs. Those are cases in which a driver is compelled to stop because of some traffic control signal or is in a stream of traffic which slows down or comes to a stop. According to the favorable evidence, Beulah Wyatt was not compelled to stop and had she looked in her rear view mirror, she would have seen the Sears truck and could have avoided the collision by continuing to drive forward.

■ For the purpose of this opinion we will assume that the finding that Beulah Wyatt was negligent is supported by the evidence. We then turn to an examination of the record evidence to support the finding of proximate cause. We follow the rules restated by Chief Justice Calvert in Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494, 496 (Tex. Sup.1967), as follows:

> "The well established law of this State is that proximate cause includes two essential elements: (1) foreseeability, and (2) cause in fact or causal relation."

See also Justice Greenhill's opinion in Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961) and Justice Steakley's opinion in Clark v. Waggoner, 452 S.W.2d 437 (Tex.Sup.1970). Considering the record as a whole, we have concluded that the jury finding that Beulah Wyatt's negligence was a proximate cause of this collision is contrary to the great weight and preponderance of the evidence. We base

this upon the second part of proximate cause mentioned above, that is "cause in fact." We hold that a finding that this collision would not have occurred "but for" the failure of Beulah Wyatt to keep a proper lookout is clearly wrong and manifestly unjust.

W. E. White, a City of Beaumont policeman, investigated this collision. He found the Sears truck had laid down ninety-two feet of skid marks to the point of impact. There was a great deal of activity in the area and dump trucks in the vicinity were moving around and crossing the road. He was told by the two ladies that a truck pulled out in front of them into their path.

Defendant Leland Frantz told one of the two officers making the investigation that he just did not look up in time. He was aware that construction was going on and had seen some dump trucks on the side of the road. He first saw the plaintiffs' automobile at a point a couple of thousand feet down the road from the accident. At that time, he was about three truck lengths behind it. After looking in his mirror, when he looked back ahead the plaintiffs' car was stopped about two truck lengths ahead of him. Another vehicle was stopped beside her car in the right-hand lane. He did not see any dump trucks pulling out onto the freeway. However, when he was asked if he saw any vehicles ahead of Beulah Wyatt's vehicle, he answered: "I didn't pay no attention, I didn't notice any."

Fay Corley testified that she was sitting in the right-hand front seat of the Wyatt car. They were driving along in the inside lane of Eastex Freeway at the same rate of speed as the other traffic. As they reached the area where the collision occurred, a truck stopped in the outside lane and two dump trucks came out ahead of the stopped truck onto the freeway. The two dump trucks swerved over into the inside lane. Mrs. Wyatt did not make an abrupt stop, but slowed down to five or ten miles per hour.

Beulah Wyatt stated that she was driving along at a normal speed until she came upon the construction when she applied her brakes to slow down. A dump truck was sitting in the outside lane and two filled trucks were pulling out into the right lane. One of the trucks swerved over towards her lane and she put on her brakes. She got the speed of her car down to "five, ten, fifteen miles an hour" when it was struck. The last she noticed of the two dump trucks, "[t]hey were pulling back into the right lane. . . . Well, they swerved over, swerved over partly into the left lane as they come out of the side."

We have come to the same conclusion as the Texarkana Court of Civil Appeals in Kirkpatrick v. Hurst, 472 S.W.2d 295, 300 (Tex.Civ.App., Texarkana, 1971, no writ), that the only thing Beulah Wyatt would have seen had she looked into her rear view mirror was the Sears truck striking her car. According to the record as a whole, her failure to look was not a "cause in fact" of this collision.

Reversed and remanded.