JAMES T. BROWN ET AL. v. LUCRETIA RENTFRO ET AL.

(Case No. 3143.)

1. INSANITY — ISSUES.— In a suit to vacate a decree, rendered on March 7th in accordance with an agreement of parties made March 4th, based on the alleged insanity of plaintiff at both dates, it was error to submit to the jury the single issue of insanity at the date of the agreement.
2. VERDICT — JUDGMENT NON OBSTANTE VEREDICTO.— After verdict for plaintiff on that issue, it was error to render judgment *non obstante veredicto* for defendants.
3. VERDICT — JUDGMENT.— Plaintiff was not entitled to have the decree vacated on a verdict which did not establish his insanity at the date of its rendition.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

James T. Brown, in his own right and as next friend and natural guardian of his minor children, James Brown and William H. S. Brown, brought this suit against appellees June 27, 1873, to vacate and set aside a decree theretofore rendered in a certain cause No. 3056,

styled Lucretia R. Brown v. James T. Brown. The case made is in
effect this: James T. Brown and Lucretia R. Rentfro (then Brown)
were husband and wife, and owned and occupied as their homestead
lots 5, 6, 7 and 8, in block 173, city of Austin, which was their com-
munity property. Brown conveyed a portion of these lots to his
daughter Martha J., and January 10, 1871, Mrs. Brown brought
suit to cancel that conveyance. Pending that suit Mrs. Brown
sued her husband for a divorce. March 4, 1871, they entered into
an agreement concerning the property in case the divorce was
granted. On March 7, 1871, three days afterwards, the two causes
were consolidated, the case was tried, and a divorce granted to Mrs.
Brown. The court thereupon rendered a decree disposing of the
custody of the children and the property in accordance with the
terms of the agreement, the effect of which was to divest all right
and title to the property out of James T. Brown and vest the same
in the parties named in the agreement.

Brown claimed that he was insane at the time the agreement
was made; that he continued so insane for more than one year
thereafter, and prayed that the decree, so far as it affected the ques-
tion of property, be vacated and annulled. Both in the original
and amended petitions there were numerous allegations to the effect
that Mrs. Brown had married again and had abandoned the minors
James and William, followed by prayers for relief in behalf of the
minors. The court sustained exceptions to this branch of the case
and dismissed the same as to the minor plaintiffs.

March, 1875, the cause was tried, and resulted in a verdict in favor
of appellant, but upon motion the court rendered a judgment in
favor of appellees confirming the former decree. From that judg-
ment this appeal was taken by Brown. The error relied on is that
the court erred in rendering judgment in favor of appellees when
the verdict was in favor of appellant.

*N. G. Shelley* and *James B. Morris*, for appellants.— . . Had
the court power to enter the judgment which was a legal sequitur of
the verdict. We contend that it had. Newsom v. Chrisman, 9 Tex.,
113; Smith v. Smith, 11 Tex., 106; Milton T. Caperton v. Joseph
Wanslow, 18 Tex., 125, where the power of the court is clearly an-
nounced. But appellees say that the case of Cannon v. Hemphill, 7
Tex., 187, is analogous to this. This statement is clearly wrong. In
that case Judge Hemphill said that the agreement became the judg-
ment of the court, and then he discussed the question elaborately as to
whether or not appellees had shown any legal cause for vacating the

judgment, and decided the same in the negative. In this case Brown could not have been divested of title to all the lots, had it not been for the agreement. See Pasch. Dig., 3452. And thus it was that the agreement was set out in full so particularly in the judgment, and the idea kept so prominent that the agreement was the foundation of the judgment. The judgment, as it divested Brown of title, is invalid on its face unless Brown's consent thereto is also shown. This consent is shown by the agreement. With this distinction drawn, we will say with Judge Hemphill, that the agreement was merged into the judgment; and just here all semblance of parallel between this case and that of Cannon v. Hemphill ceases. In that case the court expressly held that the judgment could have been avoided upon sufficient proof of fraud, collusion, etc., and then says that they failed in the proof. Now, in this case we attacked the judgment because of Brown's insanity when he signed the agreement which was the basis of the judgment. If he was insane on March 4, 1871, when he signed the agreement, he was also insane at the date of the judgment, three days afterwards, because insanity once established, continues until the contrary is proven. 2 Dan. Ch. Pr., p. 991; 2 Greenl. Ev., secs. 689, 690. This law was properly announced to the jury by the court, and when the jury announced Brown's insanity, on March 4, 1871, as a legal sequitur, in the absence of proof to the contrary, which does not exist, the court rendered judgment against a lunatic, who had no guardian or next friend in court, on March 7, 1871. And said judgment was void as against the lunatic. 1 Dan. Ch., p. 202

*Dowell & Church*, also for appellant.— This is not a case in which a judgment *non obstante veredicto* can be rendered. A judgment *non obstante veredicto* is never rendered for the defendant, but only for the plaintiff where the defendant has plead in confession and avoidance, and is frequently called a judgment *as upon confession.* Stephen on Pleading, 7th ed., pp. 96, 97, says: " If the verdict be for the defendant, the plaintiff in some cases moves for a judgment *non obstante veredicto.* . . . This motion is made in cases where, after a pleading in confession and avoidance, as, for example, a plea in bar and issue joined thereon and a verdict found for the defendant, the plaintiff, on a retrospective examination of the record, conceives the plea was bad in substance and might have been made the subject of a demurrer on that ground." " For, the plea being bad, the confession still stands and authorizes the judgment." Caruthers'

Hist. of a Law Suit, p. 262, sec. 400; Tidd's Practice, secs. 920–922; Cro. Eliz., 214; 1 Salk., 173; 8 Tarrant, 413; 3 Barn. & Ald., 702; also Hays *v.* Stone, 36 Tex., 185.   It is clear from these authorities that a judgment *non obstante veredicto* is always upon the merits. It is a judgment based upon and authorized by the confessions of the defendant, which show the right of the plaintiff to recover in the way in which he sues.   This case contains no such facts.   The defendants denied and contested every point in plaintiff's case.

*Walton, Green & Hill,* for appellees.—   . . .   It is not denied that ordinarily the judgment of the court must follow the verdict, and that if the court is not willing so to order, a new trial or arrest of judgment must be awarded.   But this rule is not universal. It applies to cases wherein the verdict is rendered upon a material issue; for, if the verdict be rendered upon an immaterial issue, it is treated as a nullity.   Thus, in Brewer *v.* West, 2 Tex., 377, Justice Lipscomb, commenting on a very similar case, remarks: " The answer setting up no defense, presented no issue to the jury, and ought therefore to have been treated as a nullity by the court, and stricken out, if not demurred to; " wherefore the verdict in that case was held could not avail the defendant; and so, in Hays *v.* Stone, 36 Tex., 186, it is said: " The issue tendered was wholly immaterial, and all other defenses being withdrawn, the plaintiff was entitled to a decree *non obstante veredicto;*" and commenting on Brewer *v.* West, it is remarked that an answer that sets up no legal defense and presents no material issue to the jury, *should be treated as a nullity.*   If there had been a general verdict in this case for plaintiff, there would have been more ground to claim that judgment should follow the verdict; but even then, as we have seen, the court is not bound to render a judgment upon an immaterial issue.   With how much more force will the doctrine apply to a case like the present, where the only issue presented to the jury was a special issue, to wit: the temporary insanity of the plaintiff at the time of signing the agreement. It made no difference in this case if the plaintiff, James T. Brown, was insane at the time of the agreement.   This of itself would not have avoided the contract.   See opinion of Justice Gould in the case of —— *v.* Jasper, decided at the present term.   But even if insanity would have been sufficient to set aside the contract or agreement, yet the agreement was executed several days before the judgment of divorce and partition, and the issue presented in the pleadings was not that Brown, the plaintiff here, was insane when the judgment

was entered, but only when the *agreement* was signed, and there being no statement of facts, the presumption is irresistible that the judgment of the court was proper in all respects.

WATTS, J. COM. APP.— Upon what view of the case the court proceeded in rendering judgment for appellees, notwithstanding the verdict was in favor of appellant, is not shown by the record. If, as urged in the brief of counsel, it was upon the idea that after the appellees' exceptions were sustained and the minor plaintiffs dismissed, that there remained no cause of action in behalf of appellant, that position is not maintainable.

While the petition and amendments seemed to have been framed especially with the view of securing some relief for the minor plaintiffs, still excluding from consideration all the allegations relating to them, there is a cause of action in behalf of appellant set up in the petition and amendments.

It is alleged that the decree divesting all right and title to' the land out of appellant was based upon an agreement entered into by him at a time when he was so far insane as to incapacitate him from contracting, and that this mental incapacity existed at the time the decree was made. There is a special prayer in the original petition that the decree be vacated and that the agreement be annulled. Eliminating all the allegations and prayers specially relating to the minor plaintiffs — and this was the effect of the ruling of the court sustaining appellees' exceptions — these two issues were presented by the appellant's petition and amendments:

*First*, that he was *non compos mentis* at the time the agreement was executed.

*Second*, that he was laboring under that mental disability at the time the decree was entered.

However, the court by instruction submitted to the jury the first issue only, and upon that the jury found that appellant was insane at the time the agreement was executed.

Appellant contends that, upon this finding, the court should have rendered judgment in his favor setting aside and vacating the former decree; while appellees contend that as the jury did not find that appellant was insane at the time the decree was made and entered, therefore the court correctly rendered judgment in favor of appellees confirming the former decree.

We can agree to neither of these propositions. To have authorized the court to vacate the former decree, the appellant's insanity or mental disorder should have been declared by the verdict of the

jury, both at the time of the execution of the agreement and the rendition of the judgment. There is no statement of facts in the record. The court, however, concluded that there was sufficient evidence to require the first issue to be submitted to the jury; that being true, the presumption that this mental disorder would continue for three days, would require the court to submit to the jury the second issue. But having failed to do so, the court could not render a judgment upon that presumption, which was but evidence of a fact that the jury should pass upon and determine.

On the other hand, having failed to submit the case made by the pleadings and evidence, and especially when the jury had found for appellant to the extent the case was submitted, the court would not be authorized in rendering judgment against appellant confirming the former decree.

The practice of rendering judgment *non obstante veredicto* is not to be encouraged by the court, or to be extended to cases not heretofore embraced within the rule. The class of cases in which that rule has heretofore been applied, is where the defendant has admitted or confessed the plaintiff's action, and has set up some matter by way of avoidance that in law constitutes no defense, and upon which the jury has found for the defendant. In such case the plaintiff's cause stands confessed, and therefore requires no evidence to establish it. Then the court determines as a matter of law that the matter set up in defense constitutes no obstacle to a recovery by the plaintiff upon the admitted cause of action, and renders judgment for the plaintiff notwithstanding the verdict.

It will be observed that in the application of that rule the court does not invade the province of the jury, in that there is no weighing of testimony or passing upon the credibility of witnesses. But in the case before us, the court in rendering the judgment confirming the decree, notwithstanding the verdict, must necessarily have assumed the province of the jury, and determined from the evidence that the appellees were entitled to that affirmative relief.

When the pleadings of the party in whose behalf the verdict is rendered is not sufficient to sustain the finding, the judgment ought to be arrested. So, also, where the evidence is not sufficient to sustain the verdict, the court has full power to remedy the wrong by granting a new trial.

It is clear that the court erred in assuming to determine the case upon its merits, and in rendering a judgment concluding the rights of appellant, notwithstanding the verdict was in his favor.

The appellees' exceptions to appellant's petition and amendments

thereto were properly sustained. The minor plaintiffs had no interest in the subject matter of the suit, and were improperly joined as parties.

If, as alleged, appellant was *non compos mentis* at the time the agreement was executed and the decree was rendered, then he would, in the absence of evidence showing a confirmation or something of that kind, be entitled to have the agreement annulled and the decree vacated, and to have a just and fair partition made of the property between the co-owners. But the minors have no interest in the property; the obligation of parent and natural guardian rests upon appellant, to maintain and educate the minor children.

We think that the judgment ought to be reversed and the cause be remanded for a new trial.

REVERSED AND REMANDED.

[Opinion delivered June 13, 1882.]