**C & R TRANSPORT, INC., et al., Appellants,**

**v.**

**Brinkley CAMPBELL, Appellee.**

**No. 150.**

Court of Civil Appeals of Texas.

Tyler.

July 15, 1965.

Rehearing Denied Sept. 16, 1965.

Herbert Boyland, Kenley & Boyland, Longview, for appellants.

Gordon Wellborn and Rex Houston, William W. McNeal, Henderson, Fred Erisman, Longview, for appellee.

SELLERS, Justice.

Brinkley Campbell brought this suit against C & R Transport, Inc., and James H. Robbins to recover personal injury damages to himself and for damages to his truck. The case was tried to a jury and resulted in the trial court entering judgment for Campbell in the sum of $13,507.84.

The collision took place on Highway 80 between Gladewater and Longview, about 10 or 11 o'clock in the morning, on a bright sunny day. Both vehicles were traveling east. The Campbell car was a pickup truck and was in front of the C & R Transport truck, driven by its employee, James H. Robbins. The C & R Transport truck was heavily loaded. The evidence shows the weight to be some 72,000 pounds. The evidence is to the effect that Campbell was operating his pickup truck in the south lane of the four-lane highway, driving east at about 35 miles per hour. The defendants allege and offered proof by the driver of its truck that its truck topped a hill while it was traveling east on Highway 80 and saw the plaintiff's truck on the shoulder of the highway; and after its truck was too close to the pickup to avoid a collision, the pickup pulled out into the path of the defendants' truck. This issue was submitted to the jury and the jury found that Campbell did not drive his pickup truck from the shoulder of the highway onto the highway immediately before the collision, and there lies the trouble with this lawsuit.

The defendants further plead that Campbell failed to keep a proper lookout on the occasion in question and that his failure to do so was the proximate cause of the collision. This issue was answered by the jury in favor of the defendants. The jury also found the defendants failed to keep a proper lookout, which was the proximate cause of the accident. Both parties filed motions for judgment based upon the jury's verdict. The motion of the plaintiff was that there was no evidence to sustain the jury's finding that Campbell failed to keep a proper lookout, and the court should disregard the jury's finding on that issue and enter judgment for the plaintiff. The court granted this motion and entered judgment for plaintiff Campbell, to which the defendants excepted and the appeal is properly before this court.

The appellants at page 3 of their brief state:

"This appeal is confined to the sole question of whether or not there was any evidence to support a jury finding that Plaintiff failed to keep a proper lookout and such failure was a proximate cause of the accident."

■ It is settled in this state that a motorist is not ordinarily required to keep a lookout for traffic approaching from his rear. Le Sage et al. v. Smith et al., Tex. Civ.App., 145 S.W.2d 308; Caraway v. Behrendt et ux., Tex.Civ.App., 224 S.W.2d 512; Bass et ux. v. Stockton et al., Tex. Civ.App., 236 S.W.2d 229; Kuykendall et al. v. Doose, Tex.Civ.App., 260 S.W.2d 435; Solana v. Hill, Tex.Civ.App., 348 S.W.2d 481.

■ The only evidence in this record that will prevent the above rule from applying is that of the driver of the truck of appellants that the appellee was driving his truck onto the highway from the shoulder of the same at a time and place which prevented him from avoiding the collision. This issue was submitted to the jury and the jury found that this did not happen and the trial court was bound by that finding.

The situation here is no different in principle than that in the case of Bass v. Stockton, supra, in which the defendant alleged and testified that the plaintiff failed to give a hand signal notifying the cars following of her intention to stop. The jury found that appellee failed to prove that allegation. Mrs. Bass testified that she did give the signal. Upon this finding, the court holds:

"* * *

"Appellees pleaded that Mrs. Bass had failed to give a hand signal notifying the cars following her of her intention to stop. The jury found that appellees failed to prove this allegation. Mrs. Bass testified that she did give a hand signal.

"* * *

"It seems that Mrs. Bass' omission, if any, was in failing to observe the Stockton car in her rear vision mirror. Since she stopped her car in conformity with the provisions of the law and it was not shown that she failed to give a proper signal to the car following her, it is clear that the jury's answer to the proximate cause issue is likewise without sufficient support in the evidence. * * *"

■ This is not a case in which appellee was in the act of turning to the right or left or stopping. Appellee was struck with great force from the rear and no complaint is made on this appeal as to the extent of his injuries. This court is of the opinion that the trial court's action in disregarding the findings of the jury that appellee failed to keep a proper lookout and that such failure was the proximate cause of the accident because such findings are without support in the evidence, and for this reason the judgment of the trial court is affirmed.