C. & R. TRANSPORT, INC., et al.,
Petitioners,

v.

Brinkley CAMPBELL, Respondent.

No. A–11076.

Supreme Court of Texas.

July 13, 1966.

Rehearing Denied Oct. 5, 1966.

Kenley & Boyland, Longview, for petitioners.

Gordon R. Wellborn, Rex Houston, Henderson, Fred Erisman, Longview, for respondent.

CALVERT, Chief Justice.

The trial court rendered judgment awarding plaintiff, Brinkley Campbell, $13,507.84 for personal injuries and property damage sustained when his pickup truck was hit from the rear by a truck owned by defendant, C. & R. Transport, Inc., and driven by James H. Robbins. The Court of Civil Appeals affirmed. 393 S.W.2d 727. We reverse the judgments of the courts below and remand the cause to the trial court for a new trial.

Both vehicles were traveling in an easterly direction on U. S. Highway 80 before the collision. The case was tried to a jury, and several special issues were submitted in-

quiring into the conduct of the parties preceding the collision. In response to certain of the special issues, the jury found from a preponderance of the evidence that (1) "at the time, place, and on the occasion in question" Robbins failed to keep a proper lookout, which (1A) was a proximate cause of the collision, and (14) "at the time, place, and on the occasion in question" Campbell "failed to keep a proper lookout" which (14A) was a proximate cause of the collision. The jury failed or refused to find that either Robbins or Campbell was guilty of any other act or omission which was negligence and a proximate cause of the collision. The jury's answers to Special Issues Nos. 14 and 14A, if supported by evidence of probative force, would normally have required a judgment that plaintiff take nothing; but the trial court, on plaintiff's motion, disregarded the jury's answers to the issues for the recited reason that they had no support in the evidence, and rendered judgment for the plaintiff.

The trial court's action in disregarding the jury's answers to issues 14 and 14A on the ground that they had no support in the evidence was attacked by the defendant by proper points of error in the Court of Civil Appeals. That court approved the trial court's action on a somewhat different theory; it held that the answers to the issues were properly disregarded because of the jury's answer to Special Issue No. 15. Both theories for disregarding the answers are challenged by proper points of error in this Court. The trial court's theory will be examined first. Its examination requires a brief review of relevant evidence.

Highway 80 is a four-lane highway which lies in an easterly and westerly direction, with two lanes for east-bound and two lanes for west-bound traffic. The collision occurred at approximately 11:00 o'clock, a. m., on a clear dry day.

■ The plaintiff testified that he was driving in the south lane of east-bound traffic at a speed of about 35 miles per hour when "all at once there was an explosion;"

that the next thing he knew he was in the hospital; that at no time was his vehicle on the shoulder of the highway. The "explosion" to which the plaintiff referred occurred, as established by the testimony of Robbins, when the pickup was struck from the rear by defendant's truck. If that were all of the testimony concerning the collision, there would be no evidence supporting the jury's answers to Special Issues 14 and 14A. The evidence would not support a finding that the plaintiff owed a duty to look to the rear for approaching vehicular traffic which was breached by his failure to do so, or that his failure to look to his rear was a proximate cause of the collision. See Solana v. Hill, Tex.Civ.App., 348 S.W.2d 481 (1961), writ refused, no reversible error; Le Sage v. Smith, Tex.Civ. App., 145 S.W.2d 308 (1940), writ dismissed.

■ But the testimony of the plaintiff is not the only testimony bearing on the issues. To test whether the trial court erred in holding that the answers to the issues have no support in the evidence, we must consider only the evidence and the reasonable inferences therefrom which support the answers. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W. 2d 359, 363 (1957); Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, 698 (1914). This brings us to a summary of the testimony of Robbins, driver of defendant's truck.

Robbins testified that while he was traveling in the south lane of east-bound traffic, he reached the crest of a hill in the highway and started down-grade some 450 or 500 feet from the place of collision; that he recalled seeing the plaintiff's vehicle for the first time when he was within 150 to 200 feet of it, at which time the vehicle was being driven from the improved shoulder into the south lane of the highway at a slight angle, with the right rear wheel still on the shoulder. He testified further that he applied his brakes and tried to miss the pickup by pulling in the direction of the north lane of east-bound

traffic but hit the left-rear corner of the vehicle.

■ We hold that the testimony of Robbins supports the jury's answers to issues 14 and 14A. From the testimony the jury could reasonably have inferred that the plaintiff's pickup had been on the shoulder of the highway and was being driven by the plaintiff from the shoulder into the south lane of traffic without looking to see if vehicular traffic was approaching from the west in the south lane; that a reasonably prudent person exercising ordinary care for his own safety and the safety of others using the highway would have looked to the west before driving from the shoulder into the traffic lanes; that had the plaintiff done so he could have seen the approaching truck and have avoided the collision by waiting until the way was clear.

We now consider the theory on which the Court of Civil Appeals held that the answers to issues 14 and 14A were properly disregarded.

Special Issue No. 15 is the first of a cluster of four issues designed to submit a separate act of negligence on the part of the plaintiff. The issue and the jury's answer thereto are as follows:

> "Do you find from a preponderance of the evidence that immediately prior to the collision in question, the Plaintiff, Brinkley Campbell, drove his pickup truck from the shoulder of the highway onto the highway?

> "Answer 'yes' or 'no'.

> "ANSWER: No."

Special Issues Nos. 15A, 15B and 15C were the other issues in the cluster. 15A inquired whether Campbell drove his pickup from the shoulder onto the highway when it could not be done in safety; 15B inquired whether such conduct was negligence, and 15C inquired whether such negligence was a proximate cause of the collision. None of these issues was answered because the duty of the jury to answer them was by the court's instructions conditioned on an affirmative answer to Special Issue No. 15.

■ The Court of Civil Appeals treated the negative answer to issue 15 as a finding by the jury. that the plaintiff *did not*[1] drive his pickup from the shoulder of the highway onto the highway immediately prior to the collision. That is a misinterpretation of the issue and the answer. Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that the plaintiff *did* drive his pickup from the shoulder onto the highway immediately prior to the collision, and means, in law, that the defendant failed to carry its burden of proving the fact. See Usher v. Gwynn, Tex.Civ.App., 375 S.W.2d 564, 565, holding approved, Ashley v. Usher, Tex.Sup., 384 S.W.2d 696, 697 (1964). The Court also erred in holding that the answers to issues 14 and 14A were correctly disregarded because of the answer to issue 15. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. Rule 301, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, §§ 17.30–17.32. McDonald correctly states that "[a] special issue is immaterial when (1) it should not have been submitted; or (2) though properly submitted, it has been rendered immaterial by other findings," § 17.31; but he is equally correct when he states that " * * * if a finding upon the issue claimed to be immaterial could if made, or does as made, create a fatal conflict with other findings *or otherwise affect the legal significance of the verdict* and hence the judgment to be entered, *the issue is material* and must not be ignored." § 17.31. A trial court thus has no authority because of other apparently conflicting jury findings to disregard a finding with legal significance which has

---

1. Emphasis ours throughout unless otherwise indicated.

support in the evidence. Moreover, the court may not look to answers to other issues for the purpose of determining whether an answer to a particular issue has support in the evidence. T. & N. O. R. Co. v. Owens, Tex.Civ.App., 54 S.W.2d 848 (1932), writ refused; Davis v. Estes, Tex.Com.App., 44 S.W.2d 952 (1932); Jones v. Gibson, Tex.Civ.App., 18 S.W. 2d 744 (1929), no writ history.

What we have here is apparently conflicting findings, although neither party so contends or has sought a mistrial on that ground. Both parties seek outright victory. As indicated, plaintiff has thus far successfully sought to have the answers to issues 14 and 14A disregarded and judgment rendered in his favor. Defendant has consistently asserted, and asserts here, that the conflict is apparent only, and that the findings can be reconciled by proper rules of construction. We agree with the defendant.

■ The trial judge defined the term "proper lookout" in his charge to the jury in usual terms, as follows: "You are instructed that by 'proper lookout' as used in this issue is meant such a lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances." When the jury found from a preponderance of the evidence that "at the time, place, and on the occasion in question" the plaintiff "failed to keep a proper lookout," it necessarily found that the plaintiff had a duty to keep a lookout for dangers which might reasonably have been anticipated, De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99 (1955), and a breach of the duty. If the jury believed that the plaintiff drove his pickup from the shoulder onto the highway, it was well within its province in finding that before doing so he owed a duty to look to his rear for vehicles approaching from the west and failed to do so. But the answer to issue 15 discloses that the defendant failed to convince the jury by a preponderance of the evidence that the plaintiff drove his

pickup from the shoulder onto the highway *"immediately"* prior to the collision."

■ It is our duty to reconcile apparent conflicts in jury findings whenever reasonably possible. Texas & Pacific Railway Co. v. Snider, 159 Tex. 380, 321 S.W. 2d 280, 282 (1959); Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558 (1949). Even if the answer to issue 15 were treated as a positive finding that the plaintiff *did not* drive onto the highway *immediately* before the collision, the finding does not preclude a finding, included in the answer to issue 14, that he drove from the shoulder onto the highway at some time after the defendant's truck came over the crest of the hill, and when by keeping a proper lookout he could have avoided the collision by remaining on the shoulder until the way was clear. Webster's Third New International Dictionary defines the word "immediately" as "without interval of time." The jury could reasonably have concluded from the testimony of Robbins that the plaintiff did not drive onto the highway *immediately* before the collision, but that he drove onto the highway when there was yet an interval of time remaining in which by keeping a proper lookout the collision could have been avoided. Thus reconciled, the findings are not in fatal conflict and both can be permitted to stand.

■ Under the provisions of Rule 505, Texas Rules of Civil Procedure, the holdings made would normally require a reversal of the judgments of the courts below and rendition of judgment that the plaintiff take nothing. However, the same Rule authorizes us, upon reversing the trial court's judgment to remand instead "if it shall appear that the justice of the case demands another trial." We have concluded that the justice of the case justifies a remand.

Our reconciliation of the answers to issues 14 and 15 obviously rests on a narrow and somewhat speculative basis. We have no way of being certain of the jury's

thought processes or of its intention in giving its answers to the two issues. If either party had sought a mistrial on the basis of conflict in the answers, the trial court would have been justified in ordering a mistrial under authority of our holding in Texas Employers' Ins. Ass'n v. Collins, 156 Tex. 376, 295 S.W.2d 902 (1956). Moreover, there are other jury findings indicating a misunderstanding by the jury of the court's charge. The jury found that immediately prior to the collision the manner in which the plaintiff was operating his pickup on the highway was a hazard to vehicles traveling east thereon but that such conduct was not negligence; and in spite of a finding that Robbins failed to keep a proper lookout at the time, place and on the occasion in question, the jury further found that at the time, place, and on the occasion in question he was acting in an emergency, which the court had defined to mean a condition arising suddenly and not caused by any negligent act or omission on his part.

The judgments of the courts below are reversed, and the cause is remanded to the trial court for a new trial.

Costs are assessed one-half to the plaintiff and one-half to the defendant.

POPE, GRIFFIN, SMITH and NORVELL, JJ., dissenting.

POPE, Justice (dissenting).

I respectfully dissent. The judgment of this Court imposes a duty upon the lead driver to keep a lookout to the rear under circumstances that the law does not recognize. Campbell was in the lead proceeding in an easterly direction and was followed by defendant Transport's truck. The jury found that (1) defendant's driver, Robbins, failed to keep a proper lookout and (2) the failure was a proximate cause of the collision. The jury found on the contributory negligence issues that (3) plaintiff, Campbell, failed to keep a proper lookout, (4) which was a proximate cause of

the collision. The term "proper lookout" was defined as such a lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances. The jury refused to find that (5) immediately prior to the collision plaintiff, Campbell, drove his pickup truck from the shoulder onto the highway and (6) left unanswered the conditionally submitted issues on negligence and (7) proximate cause.

In my opinion the majority has confused the problem of "no evidence" to support a finding with the real problem of immaterial findings. The trial court disregarded the findings on issues numbered three and four above because there was no evidence to support them. The Court of Civil Appeals affirmed the judgment because those findings were immaterial.

Under the long-standing general rule in Texas, the lead driver is under no duty to keep a lookout for traffic which approaches from the rear. Jones v. Downey, 359 S.W.2d 116 (Tex.Civ.App.1962, writ ref. n. r. e.); Solana v. Hill, 348 S.W.2d 481 (Tex.Civ.App.1961, writ ref. n. r. e.); Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ. App.1953, writ ref. n. r. e.); Bass v. Stockton, 236 S.W.2d 229 (Tex.Civ.App.1951, no writ); Le Sage v. Smith, 145 S.W.2d 308 (Tex.Civ.App.1940, writ dism. judg. cor.). The exception to that general rule is that a duty to look to the rear arises when the lead driver does something such as changing his lane or direction, stopping, or suddenly decelerating. Article 6701d, § 68, Vernon's Ann.Tex.Civ.St.; Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex.Civ.App.1965, writ ref. n. r. e.); Riles v. Reichardt, 366 S.W.2d 655 (Tex. Civ.App.1963, no writ); Scott v. McElroy, 361 S.W.2d 432 (Tex.Civ.App.1962, writ ref. n. r. e.); Jones v. Downey, supra; Valley Film Service v. Cruz, 173 S.W.2d 952 (Tex.Civ.App.1943, writ ref. w. o. m.); Le Sage v. Smith, supra.

As the majority opinion correctly states, there was evidence both ways on whether Campbell, the lead driver, drove from the

shoulder of the highway. Campbell denied that he drove from the shoulder and steadfastly contended he was driving straight ahead. Transport's driver asserted that Campbell drove from the shoulder onto the highway immediately ahead of Transport's truck. That was the battleground in the trial court, and upon its determination by the fact finder depended the duty vel non of the lead driver to look to the rear. We have no similar problem in ordinary lookout issues.

I have some difficulty understanding this expression in the majority opinion about finding number 15, numbered five in this dissent: "Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that the plaintiff did drive his pickup from the shoulder onto the highway immediately prior to the collision, and means, in law, that the defendant failed to carry its burden of proving the fact." Surely it was the defendant's burden to prove contributory negligence. 3 McDonald Tex.Civil Practice 1117, § 12.21. Mere proof that the lead driver failed to look to the rear did not discharge that burden. Proof that the lead driver drove from the shoulder onto the highway in front of a trailing driver without keeping a proper lookout would have discharged that burden. Applied to this case, Transport tried but failed to convince the jury of the circumstance upon which it relied which would give rise to Campbell's duty to look to the rear.

This is not a case of no evidence of a circumstance which required Campbell to look to the rear. Because there was evidence and it was disputed, and because the jury refused to find the existence of the circumstance which defendant had to prove did exist, the defendant failed to prove a duty to keep a lookout to the rear. In a number of cases, the presence or absence of such a circumstance was established by undisputed evidence and a jury issue was unnecessary. Berry v. Sunshine Laundries & Dry Cleaning Corp., supra; Jones v.

Downey, supra; Bass v. Stockton, supra; Valley Film Service v. Cruz, supra; Le Sage v. Smith, supra. In other cases, where facts about lookout to the rear which would impose a duty were disputed, courts have looked to jury findings to settle the facts. With the facts settled, the courts then knew what duty the lead driver owed the trailing driver. Riles v. Reichardt, supra; Solana v. Hill, supra; Edwards v. Houston Transit Co., 342 S.W.2d 787 (Tex.Civ.App.1960, writ ref. n. r. e.); Kuykendall v. Doose, supra. In all of the cited cases, the circumstance which would impose the duty to look to the rear was settled either by undisputed evidence or by a fact finding.

In Solana v. Hill, supra, Hill was the lead driver. As in this case, the jury found that he failed to keep a proper lookout, which would be to the rear, and that the failure was a proximate cause of the accident. In separate clusters of issues, however, the jury found that Hill was not stopped on the highway and "immediately prior to the collision [Hill] did not rapidly decrease the speed of his automobile on the highway." The language of the issues is remarkably similar to that used in the issues in this case. The trial court looked at all of the findings and concluded that the one charged with the burden had failed to prove a circumstance which would impose a duty upon the lead driver to look to the rear, saying:

> "As shown, the jury found that Hill did not stop on the highway and that he did not rapidly decrease his speed on the highway, as plaintiff alleged. The only finding of negligence was that Hill failed to keep a proper lookout to the rear. * * * The court disregarded said findings upon the theory that, under the circumstances shown, as a matter of law, Hill had no duty to keep a lookout for cars traveling behind him. We think this was correct."

The Court reached this result, not because there was no evidence of any circumstance requiring the lead driver to look to

the rear, but because other specific findings of the jury rendered the lookout finding immaterial. There was no duty to look to the rear.

It is my opinion that the refusal to find the existence of the circumstance which would require Campbell, the lead driver, to look to the rear, logically and legally excused that driver from looking to the rear. The only remaining basis for such a duty is the finding that Campbell failed to keep a "proper lookout." The argument and the result of the majority opinion substitutes the reasonable prudent man test for the correct legal standard. It empowers a jury to impose a duty to keep a lookout to the rear though all the jurors believe that the lead driver did not stop, did not slow down, did not change lanes or direction, or did not drive from the shoulder onto the highway. A jury might suppose that all ordinary prudent drivers must look behind as well as ahead under all circumstances; otherwise, the Court would not have asked the question. When we look only to the jury's finding on "proper lookout" we can not know factually whether any circumstance existed which required him to look to the rear. The issue and the answer are ambiguous. When we look to the specific issue that submitted the only factual circumstance which would impose the duty, we have an answer that undermines Transport's theory of a duty owed by Campbell. The finding that Campbell failed to keep a "proper lookout" was immaterial. When we look at the whole verdict, it means that Transport's driver negligently failed to keep a proper lookout for Campbell and that Campbell, though failing to keep a proper lookout to

the rear for Transport's truck, was under no duty to do so. One is not negligent in failing to do that which he is under no duty to do. Le Sage v. Smith, supra.

Upon settled and old common-law principles, courts may and often have disregarded findings upon defenses which in law were not valid defenses. Brown v. Rentfro, 57 Tex. 327, 332 (1882); Hays v. Stone, 36 Tex. 181 (1871); 3 Texas L.Rev. 450. As stated in 4 McDonald, Tex.Civil Practice 1408, § 17.31:

"A special issue is immaterial when (1) it should not have been submitted; or (2) though properly submitted, it has been rendered immaterial by other findings. * * * Also immaterial are special issues which erroneously submit questions which call for findings beyond the province of the jury; e. g., questions of law or of evidentiary matters. * * *

"Special issues which are properly submitted often are rendered immaterial by the jury's findings upon other issues. * * * But issues which have been unconditionally submitted likewise may be rendered immaterial by findings upon other issues. This will be true when the factual situation established by the other findings is such either that no answer to the immaterial issue could properly be made or that any answer to such issue would be wholly without legal significance."

I would affirm the judgments of the courts below.

GRIFFIN, SMITH and NORVELL, JJ., join in this dissent.