Joyce **DEANS**, Appellant,

v.

Gordon **ABERNATHY**, Appellee.

No. 7462.

Court of Civil Appeals of Texas, Beaumont.

April 4, 1973.

**536**

Robert E. Ballard and John O'Quinn, Kronzer, Abraham & Watkins, Houston, for appellant.

Russell Ramsey, Ramsey & Murray, Charles M. Bradshaw, Bradshaw, Foster & Lueders, Houston, for appellee.

DIES, Chief Justice.

This is a rear-end collision case where plaintiff below was driver of the lead vehicle. Parties are referred to herein as they were below. Trial was to a jury which convicted defendant of: failure to keep a proper lookout, which was a proximate cause of the collision; failure to make such application of the brakes as a person using ordinary care would have made, which was a proximate cause of the collision; and failure to make a turn of his vehicle to the right as would have been made by a person exercising ordinary care, which was a proximate cause of the collision.

The jury also found that plaintiff failed to keep such a lookout as a person using ordinary care would have kept, which was a proximate cause of the occurrence in question, but they failed to find that plaintiff, immediately prior to the collision, drove her car onto Main Street from the Rogers' Department Store parking lot. A take nothing judgment was entered by the trial court from which plaintiff perfects this appeal.

Plaintiff's points of error are: There is no evidence to raise her failure to keep the proper lookout and consequent proximate cause finding. The evidence is legally insufficient to support these findings. These findings (proper lookout and proximate cause) are against the great weight and preponderance of the evidence.

■ In passing upon the "no evidence" points, we consider only the favorable evidence to such findings. In passing upon the insufficiency of the evidence, we consider the entire record. Wyatt v. Sears, Roebuck & Company, 480 S.W.2d 7 (Tex. Civ.App., Beaumont, 1972, dism.).

■ Defendant testified that he was driving north on Main Street in the City of Highlands. At its intersection with the Wallisville Road—which runs generally

east and west—there is a traffic light. On the northeast corner of the intersection there is a store—Rogers' Department Store —with a parking lot from which a person can drive into the street. It was dusk and defendant had on his lights. Seventy or eighty feet north of the intersection, the front end of defendant's pickup struck the rear end of plaintiff's automobile. Plaintiff was either stopped or moving very slowly. Defendant never altered the speed of his vehicle before the collision; his speed at this time was about twenty-five miles per hour. He pulled a little to the right just prior to the impact. He never saw plaintiff's car until he was right on it. When defendant passed through the intersection, the light was green. Between Main Street and the Rogers' Department Store parking lot there is a "hump" and he (defendant) "saw her just as you come . . . off the hump. * * * Whenever I saw her she wasn't but a few feet ahead of me. I would say she was straight or getting straight." He was asked, "You are not trying to tell the jury that you saw her come off the parking lot, are you?" He replied, "No, sir."

Plaintiff testified that she was driving west on the Wallisville Road and when she came to the light at the Main Street intersection, it was red. After it turned green, she turned right on Main, drove north three car lengths, and stopped, intending to turn left into the parking lot of Sav On Food Store. She was stopped, awaiting southbound traffic on Main. While stopped, she was hit from the rear. She did not see defendant's vehicle prior to the collision. She had been stopped for a minute or two before the collision. She had her left turn signal on at the time of the collision.

Mrs. Josephine F. Moore testified first by deposition and later in person. At the time of the collision, she lived on Main Street in Highlands near the intersection involved here. She was in her apartment at the time from which she could see the intersection. She had a clear view of the place where the accident occurred. "I was looking down on the street. The lights had come on. It was that time of day. And this car came off Rogers' parking lot and the pickup hit it." The first time she saw plaintiff's car it was "coming off of the lot, off the Rogers' lot." At this time Mrs. Moore observed cars going south on Main. The witness was definite that when she first saw plaintiff, she was driving off the lot (Rogers' Department Store). "The car came off Rogers' lot and was coming off and straightening out and the pickup hit it." Both vehicles were heading north at the time of impact. Mrs. Moore testified that, while she saw plaintiff come off the lot, she did not actually see her on the lot. From the time plaintiff came off the parking lot until the time the collision occurred, the length of time was just momentary.

Plaintiff argues in support of these points of error that plaintiff had no duty to keep a lookout to the rear under the circumstances of this case. That the defendant failed to prove his theory of the case, that plaintiff drove out of the parking lot, because the jury answered "We do not" in response to the issue submitted.

This court is obligated to follow the Supreme Court of Texas in C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966). The facts and jury findings there were very similar to our present case. Both plaintiff and defendant were convicted of failing to keep a proper lookout. It was a rear-end collision and the plaintiff contended he owed no duty to look to the rear for approaching vehicular traffic. However, defendant contended that shortly before the collision plaintiff was driving from the improved shoulder of the road into the south lane of the highway. The jury was asked the following issue: " 'Do you find from a preponderance of the evidence that immediately prior to the collision in question, the Plaintiff, Brinkley Campbell, drove his pickup truck from the

shoulder of the highway onto the highway?' ", to which the jury answered, "No." The court of civil appeals treated this as a finding by the jury that the plaintiff did not drive from the shoulder. In a dissent that is difficult—at least for this writer—to disagree with, Justice Pope (joined by Justices Smith, Griffin and Norvell) said:

"Under the long standing general rule in Texas, the lead driver is under no duty to keep a lookout for traffic which approaches from the rear. [citing authorities] The exception to that general rule is that a duty to look to the rear arises when the lead driver does something such as changing his lane or direction, stopping, or suddenly decelerating. [citing authorities]

\* \* \* \* \* \*

"Surely it was the defendant's burden to prove contributory negligence. 3 McDonald Tex.Civil Practice 1117, § 12.21. Mere proof that the lead driver failed to look to the rear did not discharge that burden. Proof that the lead driver drove from the shoulder onto the highway in front of a trailing driver without keeping a proper lookout would have discharged that burden. Applied to this case, Transport tried but failed to convince the jury of the circumstance upon which it relied which would give rise to Campbell's duty to look to the rear." (406 S.W.2d at 196, 197)

However, the majority opinion—which we must follow—said:

"When the jury found from a preponderance of the evidence that 'at the time, place, and on the occasion in question' the plaintiff 'failed to keep a proper lookout,' it necessarily found that the plaintiff had a duty to keep a lookout for dangers which might reasonably have been anticipated, De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99

(1955), and a breach of the duty." (406 S.W.2d at 195)

The court went on to say:

"The Court of Civil Appeals treated the negative answer to issue 15 as a finding by the jury that the plaintiff *did not* drive his pickup from the shoulder of the highway onto the highway immediately prior to the collision. That is a misinterpretation of the issue and the answer. Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that the plaintiff *did* drive his pickup from the shoulder onto the highway immediately prior to the collision, and means, in law, that the defendant failed to carry its burden of proving the fact." (406 S.W. 2d at 194, emphasis in original)

Following this holding, we hold that the testimony of Mrs. Moore supported the jury's findings that the plaintiff failed to keep a proper lookout, which was a proximate cause of the collision. The points of error are overruled.

The judgment of the trial court is affirmed.

KEITH, Justice (concurring).

While I join in the affirmation of the judgment of the trial court, I do so without criticism of the majority opinion in *Campbell*. Justice Pope's dissent in *Campbell*, part of which is quoted in the majority opinion, is also applicable to the case which we review. Plaintiff testified that she had brought her car to a stop in the inside traffic lane of the street intending to turn to her left as soon as such a maneuver could be made consistent with opposing traffic. The jury found that in so doing, plaintiff failed to keep a proper lookout for vehicles approaching from the rear.

As Justice Pope so aptly observed in *Campbell,* "[A] duty to look to the rear arises when the lead driver does something such as changing his lane or direction, *stopping,* or suddenly decelerating." (406 S.W.2d at 196, emphasis supplied) Under our record, I find no difficulty in following the majority as well as the minority opinions in *Campbell.*