M. R. WISE et ux., Appellants,

v.

Chris SKELTON et al., Appellees.

No. 885.

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1975.

Rehearing Denied Dec. 18, 1975.

John G. Patterson, Patterson & Patterson, Houston, for appellants.

William Drew Perkins, Lufkin, for appellees.

MOORE, Justice.

Plaintiff, M. R. Wise and wife, Frankie Wise, sued defendant, Chris Skelton, for personal injuries and damages to their automobile growing out of a collision between their respective vehicles. As grounds for a cause of action, plaintiffs alleged that the defendant was guilty of negligence proximately causing the collision. Defendant, Chris Skelton, answered with a general denial and alleged that contributory negligence of M. R. Wise, the driver of the plaintiff's automobile, was a proximate cause of the collision. Trial was before a jury. In response to the special issues, the jury found Skelton guilty of negligence on the issues of speed, lookout, application of his brakes and in failing to keep his automobile within the right half of the roadway, and found that each of such acts was a proximate cause of the collision. The jury further found that the plaintiff, M. R. Wise, was guilty of contributory negligence in that he failed to keep a proper lookout, and that such failure was a proximate cause of the collision. After the verdict was returned, plaintiffs moved the court to disregard the finding that M. R. Wise was guilty of contributory negligence in failing to keep a proper lookout and to disregard the jury's finding that such failure was a proximate cause of the collision. The motion was overruled and judgment was entered that the plaintiffs take nothing against defendant. After their motion for new trial had been overruled, plaintiffs perfected this appeal.

We affirm.

Six points of error are relied upon by the plaintiffs for reversal. The first and third points complain of the judgment on the ground that there was no evidence to support the submission of Special Issues Nos. 23 and 24, and no evidence to support the jury's findings on Special Issues Nos. 23 or 24 wherein the jury found plaintiff, M. R. Wise, guilty of failure to keep a proper lookout proximately causing the collision.

Before passing on these points we will undertake a brief summary of the evidence. There are some parts of the testimony about which there is no conflict. The evi-

dence shows that on the date of the accident, Mr. and Mrs. Wise had picked up their neighbor, H. E. Casey, at his home on Highway 225 after which they attended a cattle auction. Mr. Casey's home was situated on the west side of Highway 225 facing the highway which runs north and south. The Wise home was also situated a short distance west of Highway 225 north of the Casey home. Some time after dark the parties left the auction sale and Mr. Wise drove north on Highway 225 to the Casey home where Mr. Casey left the Wise vehicle. In order for Mr. and Mrs. Wise to reach their home after leaving the Casey home, it would have been necessary for them to have continued traveling north on Highway 225 for a distance of approximately 200 feet and then make a left turn on a small dirt road leading west to their home.

There is a hopeless conflict in the evidence as to where the two vehicles were situated at the time of the collision.

Both Mr. and Mrs. Wise testified that when they returned to the Casey home, Mr. Wise turned left off Highway 225 and drove up in the Casey yard with the headlights pointed toward the door steps so as to assist Mr. Casey in finding his way. They testified that at the time they stopped in the yard the rear wheels of their vehicle were ten feet from the highway. They further testified that, while thus parked in the Casey yard, waiting for Mr. Casey to reach the door steps, the defendant's vehicle left the highway, traveled some 200 feet along the shoulder and into the Casey yard and struck the front end of their automobile. Mr. Wise testified that at the time of the impact he was looking straight ahead at the Casey home watching Mr. Casey. Plaintiffs called two other witnesses who testified that on the following morning they examined the tire marks made by the Skelton vehicle and that by following the tire marks they were of the opinion the impact occurred in Mr. Casey's front yard.

According to the testimony of defendant, Chris Skelton, and his passenger, the Skelton automobile was traveling south on Highway 225. Immediately before the impact, they had come around a curve and over a small hill and were suddenly blinded by the headlights of the Wise automobile. Skelton testified that at the time of the impact the Wise vehicle was either stopped or was traveling partly on the paved portion of the highway and partly on the shoulder in his lane of traffic. He testified that although he applied his brakes he was unable to stop and the two automobiles struck head-on. Jeffery Barnhart, Skelton's passenger, gave a similar version. He testified, however, that immediately before the impact he observed the Wise vehicle to be traveling toward them with all four of its wheels in their right-hand lane of traffic; that immediately before the impact it appeared that two of the wheels of the Wise vehicle had gotten over on the shoulder of the roadway. He testified the vehicles collided head-on and the photographs offered by both parties show that only the front of the vehicles were damaged. While both witnesses testified the collision occurred on the highway, their testimony is somewhat vague as to the point of impact with reference to the Casey home. We gather from their testimony that it occurred on the highway somewhere near the Casey yard.

■■■ In passing on the merits of the "no evidence" points, this court is required to view the evidence in its most favorable light in support of the jury's findings, considering only the evidence and inferences which support those findings and rejecting any evidence and inferences contrary to the findings. *Butler v. Hanson*, 455 S.W.2d 942, 944 (Tex.1970); *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 776 (Tex.1974). If there is any evidence of probative force to support the jury's findings, the appellate court is not authorized to set aside the jury's verdict and substitute its own findings for that of the jury. *City of Tyler v. Brogan*, 437 S.W.2d 609, 612 (Tex.Civ.App. —Tyler 1969, no writ); *Goree v. Hansen*, 214 S.W.2d 824 (Tex.Civ.App.—Fort Worth 1948, no writ).

Plaintiffs argue that in determining whether there is any evidence to support the finding of a failure to keep a proper lookout on the part of Mr. Wise, this court is required to consider not only the evidence but must also consider other findings made by the jury in response to Special Issues Nos. 17 and 20. By Special Issue No. 17 the court inquired as to whether M. R. Wise pulled on the highway at a time when the same could not be done with safety and by Special Issue No. 20 the court inquired as to whether M. R. Wise parked his vehicle on the wrong side of the road. The jury answered both issues "no." Plaintiffs take the position that these findings establish facts showing M. R. Wise did not drive his vehicle on the highway when it could not be done with safety, and did not park his vehicle on the wrong side of the road. Plaintiffs argue that these findings compel the conclusion that plaintiffs were, in fact, parked off the highway on private property at the time of the impact; therefore, M. R. Wise, as a matter of law, had no duty to keep a proper lookout. We cannot agree with this proposition.

■ Properly interpreted, these findings amount to nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that he drove his vehicle on the highway when it could not be done with safety or was parked on the wrong side of the road. The jury's answers mean, in law, only that the defendant failed to carry his burden of proving such facts. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194, 195 (Tex. 1966). The findings mean only these facts were not established. Moreover, it is well settled that the court may not look to answers to other issues for the purpose of determining whether an answer to a particular issue has support in the evidence. *C. & R. Transport, Inc. v. Campbell, supra* (citing cases). Consequently, we are not permitted to consider these findings in determining whether there is any evidence of probative force to support the jury's finding that M. R. Wise failed to keep a proper lookout.

■ When the jury found that M. R. Wise failed to keep such a lookout as a person in the exercise of ordinary care would have kept, it necessarily found that the plaintiff had a duty to keep a lookout for danger which might have reasonably been anticipated, *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 99 (1955), and a breach of the duty. *C. & R. Transport v. Campbell, supra.*

■ When viewed in a light most favorable to the jury's verdict, we hold that the testimony of Skelton and his passenger supports the jury's answers to Issues 23 and 24. From their testimony the jury could have reasonably inferred M. R. Wise had driven out of the Casey yard and was driving either on, or partially on, the highway at the time of the impact; that a reasonably prudent person exercising ordinary care would have maintained a proper lookout, and had plaintiff done so he could have seen defendant's approaching vehicle and could have avoided the collision by taking some evasive action.

By the second and fourth points, plaintiffs seek a reversal on the ground that Special Issues 23 and 24 are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. We are not in accord with this proposition.

After weighing and balancing all of the evidence in the record, both that in favor of the jury's finding, as well as that against the findings, we have concluded that we would not be justified in holding that the verdict and judgment based thereon is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. Plaintiffs' second and fourth points are overruled.

Our discussion of plaintiffs' first two points of error disposes of the contentions made under the remaining points five and six and they are therefore overruled without discussion.

The judgment is affirmed.