**Paul CRISP, Appellant,**

v.

**Carlos Alfredo GARCIA and Guate Garcia, Appellees.**

**No. 5631.**

Court of Civil Appeals of Texas, Waco.

Oct. 21, 1976.

Morgan A. Jones, Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

Charles Lee Barrera, Alice, for appellees.

HALL, Justice.

Paul Crisp brought this suit against Guate Garcia and his son, Carlos Alfredo Garcia, for automobile damages allegedly caused in a collision between the plaintiff's car being driven by him and Guate's car being driven by Carlos. The plaintiff pleaded primary negligence against Carlos and negligent entrustment against Guate.

The case was tried to a jury. During the course of the trial, the plaintiff testified

that the reasonable cost of repairs to his vehicle was $948.12. After the proof was closed, a dispute arose between counsel for the parties as to whether the plaintiff testified that the repairs were necessary. The court determined to submit the question of this testimony to the jury. It did so in special Issue No. 0 which asked, "Do you find from a preponderance of the evidence the Plaintiff, Paul Crisp, stated that the amount of damages was necessary?" The plaintiff's objection to this issue on the ground that it was not an ultimate issue was overruled. The jury answered the issue, "We do not."

Answering other special issues which were submitted without objection, the jury convicted Carlos of negligence causing the collision, convicted Guate of negligent entrustment, failed to find the plaintiff was guilty of negligence, and found that the "reasonable cost . . . necessary to restore Paul Crisp's vehicle to the condition in which it was immediately before the occurrence in question" is $948.12.

The plaintiff moved the court to disregard the jury's answer to Special Issue No. 0 and render judgment for him on the verdict, again asserting the evidentiary nature of Issue No. 0. The motion was overruled. Judgment was rendered "upon the verdict" on January 26, 1976, that the plaintiff take nothing, on the basis of the jury's answer to Issue No. 0. The plaintiff assigns error to these rulings. The defendants have not favored us with a brief.

Special Issue No. 0 did not pose a controlling fact question. It should not have been submitted to the jury. Rule 279, Vernon's Tex.Rules Civ.Proc. It is always improper to submit to a jury questions about the evidence on which its verdict is based. *Southern Surety Co. v. Adams,* 119 Tex. 489, 34 S.W.2d 789, 797 (1930); *City of Houston v. Lurie,* 148 Tex. 391, 224 S.W.2d 871, 876 (1949). Once submitted, Issue No. 0 should have been disregarded by the court on the motion of the plaintiff to do so; and, under the record, his motion for judgment notwithstanding the jury's answer to the

issue should have been granted. Rule 301, Vernon's Tex.Rules Civ.Proc.; *C. & R. Transport v. Campbell,* 406 S.W.2d 191, 194 (Tex.Sup.1966).

The judgment is reversed. Judgment is here rendered that the plaintiff recover from the defendants, jointly and severally, the sum of $948.12, with interest on this judgment from January 26, 1976. Rule 434, Vernon's Tex.Rules Civ.Proc.