**B.J. HUGHES, INC. and Gary Don Keasler, Appellants,**

v.

**Olia GIBSON, et al., Appellees.**

**No. 12–83–0166–CV.**

Court of Appeals of Texas, Tyler.

Aug. 22, 1985.

Rehearing Denied Oct. 17, 1985.

Rex A. Nichols, Nichols, Merriman, Patterson & Allison, Longview, for appellants.

Ernest Swift, James N. Parsons, Palestine, Mike Patterson, Tyler, Jerry Calhoon, Palestine, for appellees.

COLLEY, Justice.

This is a suit brought under the wrongful death statute[1] and the survival statute[2] by the parents and two minor sons of Johnny Gibson and the parents of Jeffrey Sherwood, two young men age twenty-nine and nineteen respectively, who were killed in an automobile collision on November 21, 1981, in Anderson County. On that date Johnny Gibson was driving a pickup truck in a westerly direction on U.S. Highway 79 west of Palestine. Jeffrey Sherwood was riding with Gibson. The pickup was involved in a head-on collision with a large oil field truck traveling in the opposite direction and driven by Gary Don Keasler (Keasler). The impact occurred in a grassy area on the north side of the highway. Sherwood died at the scene, and Gibson died five days later without recovering consciousness. The truck was owned by B.J. Hughes, Inc. Keasler, the truck driver, was not seriously injured. It is undisputed that Keasler drove the truck across Gibson's lane of traffic and onto the grassy shoulder area immediately prior to the collision. Unfortunately, Gibson sought to avoid the collision by turning to the right and thus the impact occurred in the grassy area off the shoulder of the highway. Keasler did not testify in person at trial but only by deposition. He testified that when he saw Gibson's truck he was in the process of attempting to pass a car in his lane and was traveling at about 60 m.p.h. The physical evidence at the scene recounted by Steve Severn, a Texas Highway Patrol Trooper who investigated the collision, shows that Keasler made an abrupt turn to the left crossing Gibson's lane of traffic and continuing onto the grassy area where the collision with the pickup occurred. Based on a jury verdict, which found that Keasler was negligent in failing to turn right to avoid the collision, and that his negligence

1. TEX.REV.CIV.STAT.ANN. art. 4671 (Vernon Pamphlet 1941–1985).

2. TEX.REV.CIV.STAT.ANN. art. 5525 (Vernon 1958).

was a proximate cause of the collision and that Gibson was guilty of no negligence, the trial court rendered judgment in favor of Olia (Buck) Gibson, June Gibson, and Jonathan and Jason Gibson, parents and minor sons of Johnny Gibson, deceased, and Joyce and Bob Sherwood, parents of Jeffrey Sherwood, deceased, for substantial damages for pecuniary loss, loss of society and mental anguish, all as found by the jury. Hughes and Keasler (defendants) complain that the evidence is legally and factually insufficient to support either the jury's finding of negligence against Keasler or the jury's award of pecuniary damages to the two minor sons of Johnny Gibson in the amount of $100,000.00 each. The appellants also contend that the trial court erred in submitting the issue of loss of society by including therein the word "assistance," which defendants contend means financial aid, that damages for mental anguish were improperly awarded all plaintiffs because the evidence is legally and factually insufficient to establish that any plaintiff as a result of mental anguish sustained any "physical trauma or injury" and that damages for *both* mental anguish *and* loss of society are not recoverable because such amounts to a double recovery for the same elements of damages. In addition, defendants contend that the pecuniary damages awarded the two minor sons of Gibson were excessive. We reform and affirm the judgment.

■ Defendants argue that the jury's refusal to find Keasler negligent in failing to "keep his truck" on his side of the highway and "in turning to the left immediately prior to the collision," rendered its finding that Keasler *was negligent* in failing to turn right to avoid the collision, in fatal conflict, and unsupported by the evidence. Defendants also contend that the evidence demonstrates that Keasler immediately before the collision was acting under a sudden emergency, i.e., he was attempting to overtake a vehicle traveling in his lane when the speed of such vehicle was suddenly accelerated, and was thereby prevented from passing and returning to his own right-hand lane of the highway. An in-

struction on sudden emergency was submitted to the jury and the jury upon consideration of conflicting testimony rejected appellant's contention, and found Keasler negligent in failing to turn his truck to the right to avoid the collision. That finding is supported by the evidence. Defendants' contention that the finding is in conflict "with [the jury finding] that Keasler's action in turning to the left was not negligence," is without merit. The jury's refusal to find that Keasler was negligent in driving to the left does not amount to a finding that such conduct was not negligence. Furthermore, the jury's finding that Keasler was negligent in failing to turn right may be referable to a time during the interval between the time Keasler first turned left and the time of impact. Said another way, the jury's affirmative finding of negligence against Keasler is not necessarily referable to the time before impact when Keasler turned sharply left. *See C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 195 (Tex.1966). First point is overruled.

■ By their second points of error, defendants claim that the evidence is legally and factually insufficient to support the jury's award of pecuniary damages of $100,000 to each of Gibson's minor sons, Jason and Jonathan. We disagree. The evidence shows that Gibson was a twenty-nine-year-old male at the time of his death and was earning $23,000 per annum. Assuming that Gibson retired at age sixty-five, the award to the children amounts to less than twenty-five percent of Gibson's earnings for thirty-six years even assuming that his salary remained constant. Point two is overruled. We also conclude that the awards of pecuniary damages to Jason and Jonathan were not excessive.

■ Defendants insist that since the court's definition of "companionship-society" included "assistance," the jury was permitted to award double pecuniary damages to Gibson's parents and children. We agree that the noun "assistance" means

help, aid, succor, and support.[3] Certainly without modifiers to focus the meaning of assistance more clearly, the noun as used is of doubtful benefit to a jury in understanding the legal concept of loss of companionship and society as those terms have been treated by our Supreme Court in *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex. 1983), and *Cavnar v. Quality Control Parking, Inc. et al.,* 696 S.W.2d 549 (Tex. 1985). However, our review of the charge overall persuades us that the use of the noun "assistance" to partially define loss of companionship and society was not calculated to confuse or mislead the jury to the extent that a double award of pecuniary damages was made by the jury. Point three is overruled.

Under point four defendants claim that the trial court erred in awarding mental anguish damages to all plaintiffs below because the evidence is legally and factually insufficient to support a finding that such parties suffered physical injury or trauma caused by such mental suffering produced by the deaths of Gibson and Sherwood. By point five the defendants assert that under Texas law a plaintiff may not recover damages for both loss of companionship (society) *and* mental anguish. We will overrule points four and five.

■ Plaintiffs argue that *Sanchez* eliminated the long-standing rule that mental anguish is not compensable when based on simple negligent conduct of a defendant in the absence of an accompanying physical injury.[4] The language in *Sanchez* is not definitive as to whether the rule in *Bank v. Ferguson,* survives. The three-judge dissent in *Sanchez* fears that the decision has eliminated the "threshold for recovering mental anguish damages" by eliminating the requirement of "proof of physical injury or conduct worse than negligence." *Sanchez* at 258. The two concurring judges seem unsure, but express a concern that the majority by default may *not* have eliminated such threshold requirement as *they* would in future cases. Our study of *Sanchez* and the authorities therein cited, particularly *Leong v. Takasaki,* 55 Hawaii 398, 520 P.2d 758, 767 (1974), and *Wilson v. Lund,* 80 Wash.2d 91, 491 P.2d 1287, 1292 (1971) (en banc), persuades us that our Supreme Court implicitly permitted recovery of mental anguish damages without a showing of an accompanying resultant physical injury or infirmity. The evidence is factually sufficient to support the findings of mental anguish damages for all plaintiffs. Defendants do not complain that any finding of the amount of such damages is excessive. Point 4 is overruled.

■ The defendants argue ably under point 5 that the judgment awarding recovery to the plaintiffs for loss of society *and* mental anguish on the deaths of the family members awards double damages. We are constrained to agree with the plaintiffs that the Supreme Court's decision in *Cavnar* clearly allows recovery of damages in these cases for both loss of companionship *and* mental anguish flowing from the wrongful deaths. Point 5 is overruled.

■ Plaintiffs by cross-point, citing *Cavnar,* seek prejudgment interest on past mental anguish damages awarded them by the jury. We sustain the cross-point.

We reform the judgment by awarding prejudgment interest at the rate of ten percent, compounded daily, for 439 days to each of the plaintiffs in the following amounts, to-wit:

| | |
|---|---|
| Olia Gibson | $ 6,339.37 |
| June Gibson | $ 6,389.37 |
| Jonathan Charles Gibson, a minor | $12,778.74 |
| Jason Gibson, a minor | $12,778.74 |
| Joyce Sherwood | $ 5,111.49 |
| Bobby H. Sherwood | $ 5,111.49 |

As reformed, the judgment is affirmed. All costs are assessed against defendants B.J. Hughes, Inc. and Gary Don Keasler, jointly and severally.

---

**3.** Webster's Third New International Dictionary (1976).

**4.** E.g., *Farmers and Merchants State Bank of Krum v. Ferguson,* 617 S.W.2d 918, 921 (Tex. 1981); *Harned v. E-Z Finance Company,* 151 Tex. 641, 254 S.W.2d 81 (1953).